FILED
APR 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, DC

SURESH KUMAR, # 15020-075 a.k.a. SAM KUMAR,   )   )
P.O Box 150160                PLAINTIFF,      )   )
Atlanta, GA 30315                             )   )
VS.                                           )   )
                                              )   )   CASE NUMBER   1:06CV00714
                                              )
U.S. DEPARTMENT OF JUSTICE                    )   JUDGE: Reggie B. Walton
EXECUTIVE OFFICE FOR US ATTORNEY'S OFFICE     )   DECK TYPE: FOIA/Privacy Act
                DEFENDANT,                    )
                                              )   DATE STAMP: 04/21/2006
                                              )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**THIS** is an action under the Freedom of Information Act (FOIA), 5 USC §552, as amended to Order the production of agency records, consisting of all records, pertaining to the former United States Department of Justice, (DOJ), Executive Office for United States Attorneys (EOUSA) Assistant Director of FOIA Unit Marie O'Rourke as maintained by the DOJ.

2. This Court has jurisdiction over this action pursuant to 5 USC §552(a)(4)(B).

3. Plaintiff Suresh Kumar, Prisoner No. 15020-075 is a federal inmate who was convicted and sentenced to Life Imprisonment    Case No. 1:96R-20, United States v. Suresh Kumar, and continues to be indigent ever since this court's Order dated May 20, 2004. See the copy of Order attached as Appendix 10, page 3, para 2.

4. By letter on October 30, 2002 and a subsequent reminders attached as Appendix 1 to this Complaint, Plaintiff requested pursuant to the provision of FOIA's §552 for any and all records maintained by US Attorney's Office (FOIA).

RECEIVED
MAR 23 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

5. On July 29, 2003 Marie A. O'Rourke, Assistant Director denied Plaintiff's FOIA request on the basis of FOIA §552(b)(7)(C), §552(b)(3), §552(b)(5), §552(b)(7)(A), §(552(b)(7)(D), §(552(a)(j)(2). See the copy of defendant's denial attached as Appendix 3 to this complaint.

6. On September 29, 2003 Plaintiff appealed the decision to the DOJ, Office of Information and Privacy on various grounds because the denial was not asserted in good faith due to the fact tht DOJ is knowingly withholding information that was withheld and some of which was produced in the open court in Plaintiff's trial. In addition, Plaintiff also aserts that the information being witheld is in violation of FOIA and is in the public's interest and would shed light on DOJ's performance of its statutory duties. See the copy of Plaintiff's appeal attached as Appendix 4, to this complaint.

7. On October 10, 2003 Department of Justice through a letter informed Plaintiff that a Appeal number, 03-3552 was assigned to Plaintiff's appeal, and that the DOJ will inform him of the decision as soon as they could. See the copy of the letter attached as Appendix 5 to this complaint.

8. On February 27, 2004 DOJ's Co-Director Richard Huff informed Plaintiff that his appeal had been remanded for further processing, however, if he considered the decision to be a denial, Plaintiff could seek a judicial review. See the copy of letter attached as Appendix 6 to this complaint.

9. On March 10, 2004 Plaintiff intimated the DOJ Co-Director, that he did not consider the remand to be a denial and will patiently wait for the DOJ's decision and the grant of the requested records. See the copy of letter attached as Appendix 7 to this complaint.

10. Plaintiff subsequently reminded the Department of Justice through two of his letters, but, both the requests were ignored. See the copy of these requests attached as Appendix 8 and Appendix 9 to this complaint.

WHEREFORE, Plaintiff respectfully requests this court:

1. Declare that the Defendant's refusal to disclose the withheld records is unlawful;

2. That the defendant's failure to fulfill its statutory duties as required by FOIA is in violation of Congress' intent and the statutory purpose of FOIA;

3. Order the defendant to make the records available;

4. Order the defendant to make the records available to Plaintiff;

5. Award Plaintiff and this Honorable Court reimbursement for the costs of this action; and

6. Grant such other and further relief as this Honorable court may deem just and proper;

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this ___25th___ day of February 2006.

_____
Suresh Kumar, #15020-075
P.O. Box 150160
Atlanta, GA  30315

## CERTIFICATE OF SERVICE

I certify under the penalty of perjury that a copy of foregoing complaint has mailed to the under mentioned parties via First Class Postage Prepaid US Mail, by placing in the institution box on this 25th day of February 2006.

Ms. Marie A. O'Rourke
Department of Justice,
Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E. Street N.W., Room 7300
Washington, D.C. 20530
202-616-6757, Fax 202-616-6478

Suresh Kumar, #15020-075
P.O. Box 150160
Atlanta, GA  30315

APPENDIX - 1

Page 14

Suresh Kumar(15020-075)
P.O. Box PMB
Atlanta, GA  30315

October 30, 2002

Criminal Division/Executive Office for the United States
Attorney's Office(FOIA)
600 E. Street NW Suite 7300
Washington, DC  20530

Dear Sir/Madame:

RE: Freedom of Information Act, Case No. 1:96CR-20-R
    TO WHOM IT MAY CONCERN

I write this letter to you concerning the Freedom of Information Act, 5 U.S.C. subsection 552 and the Privacy Act, 5 U.S.C. subsection 552(c). I am requesting access to the file in the above case number in which I was convicted in the Western District Court of Kentucky on about Feb 28, 1997.

If you deny any or all portions of this request, kindly cite the specific exemption you think justifies the refusal to release the information and also kindly notify me of you appeal procedure.

Thanking you.

Sincerely,

Suresh Kumar

*It has been over six months and I have not yet received anything from your office. Kindly let me know the status of my FOIA request*

Kumar
May 6, 2003

06 0714

**FILED**
APR 2 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**U.S. Department of Justice**  Certification of Identity

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  Suresh Kumar

Citizenship Status [2]  Indian           Social Security Number [3]  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

Current Address  P.O. Box PMB, Atlanta, GA  30315

Date of Birth  August 12, 1955           Place of Birth  Aligarh, India

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____           Date  October 29, 2002

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

**Print or Type Name**

06 0714

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FILED
APR 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FORM APPROVED OMB NO. 1103-0016

APPENDIX

Suresh Kumar (15020-075)
P.O. Box PMB
Atlanta, GA  30315

June 6, 2003

Criminal Division/Executive Office
for the United States Attorney's Office (FOIA)
600 E. Street NW, Suite 7300
Washington, DC  20530

Dear Sir/Madame:

RE:   <u>Freedom of Information Act, Case No. 1:96CR-20-R</u>
                  <u>To Whom it May Concern</u>

I write this letter to inquire about my request under FOIA Act, 5 U.S.C. §552 and the Privacy Act, 5 U.S.C. §552(c). My initial request to your office dated Oct 30, 2002 and a subsequent reminder on May 6, 2003, both, remain unanswered. A copy of this request is enclosed along with this letter.

I will appreciate if you could write and let me know the status of my request. I will also appreciate if you could let me know the address of the office to appeal to in case of a undue delay or denial of my request.

Thanking you.

Sincerely,

*[signature]*

Suresh Kumar

**U.S. Department of Justice**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

JUL 29 2003

Requester: Suresh Kumar          Request Number: 02-3652

Subject of Request: Self

Dear Requester:

   Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

   To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

   The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a
[ ] partial [X] full denial.
   Enclosed please find:
   _____ page(s) are being released in full (RIF);
   _____ page(s) are being released in part (RIP);
   _____ page(s) are withheld in full (WIF). **The withheld documents were reviewed to determine if any information could be segregated for release.**

   In addition, this office is withholding ___ page(s) of grand jury material and/or sealed documents which is retained in the District.

   The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

       Section 552                              Section 552a

[ ] (b)(1)      [ ] (b)(4)      [X] (b)(7)(A)    [X] (j)(2)      **FILED**
[ ] (b)(2)      [X] (b)(5)      [ ] (b)(7)(B)    [ ] (k)(2)
[X] (b)(3)      [ ] (b)(6)      [X] (b)(7)(C)    [ ] (k)(5)      APR 21 2006
   Fed.Cr.P. 6(3)                [X] (b)(7)(D)    [ ] _____
_____           [ ] (b)(7)(E)                  NANCY MAYER WHITTINGTON, CLERK
                                  [ ] (b)(7)(F)                  (Page U.S. DISTRICT COURT
                                                                 Form No. 021 - 10/01

06 0714

[X] A review of the material revealed documents which:

[ ] _____ Page(s) originated with another government component. These records were referred to the following component(s) listed for review and direct response to you: _____.

[X] There are public records which may be obtained from the clerk of the court or this office, upon specific request, subject to a copying fee.

[X] See additional information attached.

[ ] A $_____ copying, $_____ search, and/or $_____ review fee is being assessed for the processing of your request. Please send a certified check or money order for $_____, payable to the Treasury of the United States, within thirty (30) days. Payment should be mailed to the Freedom of Information Act/Privacy Act Unit, 600 E Street, N.W., Room 7300, Washington, D.C. 20530.

This is the final action this office will take concerning your request.

You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

        Office of Information and Privacy
        United States Department of Justice
          Flag Building, Suite 570
          Washington, D.C. 20530

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

                                    Sincerely,

                                    Marie A. O'Rourke
                                    Assistant Director

Enclosure(s)

# EXPLANATION OF EXEMPTIONS

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life of physical safety of any individual.

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

## SUBSECTION OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information complied in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals, except records of arrest;

(k)(1)  information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

FBI/DOJ

# ADDENDUM TO THE EXPLANATION OF EXEMPTION SHEET

X   Rule 6(e) of the Federal Rules of Criminal Procedure pertains to the Federal Grand Jury, its integrity and the secrecy surrounding the Jury.

☐   Under the Freedom of Information Act, an agency has no discretion to release any record covered by an injunction, protective order, or court seal which prohibits disclosure. See <u>GTE Sylvania, Inc.</u> v. <u>Consumers Union</u>, 445 U.S. 375, 386-387 (1980); See also <u>Robert Tyrone Morgan</u> v. <u>U.S. Dept. of Justice</u>, 923 F.2d 195 (D.C. Cir. 1991).

Suresh Kumar #15020-075
P.O. Box 150160
Atlanta, GA  30315

September 20, 2003

Office of Information and Privacy
United States Department of Justice
Flag Building, Suit 750
Washington, D.C.  20530

Dear Sir/Madame:

RE:  <u>Freedom of Information Act/Privacy Act Appeal</u>

Citing §552(b)(3), 552(b)(5), (552(b)(7)(A), 552(b)(7)(B), 552(b)(7)(C), 552(b)(7)(D), 552a (j)(2) exemptions, my FOIA request which was mailed on October 30, 2002 was denied by Ms. Marie A. O'Rourke through her letter dated July 29, 2003.

I appeal this denial because of the under mentioned reasons:

    a.    Contrary to the  Assistant Director's assertion none of my requst are exempted by the statute.

    b.    My FOIA request does not seek for any interagency memorandums and records or letter.

    c.    Since my case has already become final and all the allegations were already put in issue it will not interfere with enforcement proceeding.

Secondly, I suggest blacking out the names and identities of persons which may pose a concern under §552(b)(7)(A), 552(b)(7)(C), 552(b)(D)

Finally your assertion that all the disclosure in my request is exempted under §550(b)(3) is contrary to the existing law.

I am entitled to this information under FOIA and I appeal this unjust denial of my request.  I expect a final ruling on my appeal within 20 days, the time specified  in the statute, failing which, I will have no choice, but to file a Civil Complaint in the Federal District Court.

Sincerely,

Suresh Kumar

06 0714

**FILED**

APR 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642        Washington, D.C. 20530

OCT 10 2003

Mr. Suresh Kumar
Register No. 15020-075
United States Penitentiary
601 McDonough Boulevard SE., Box PMB
Atlanta, GA  30315

    Re:   Your letter of September 20, 2003

Dear Mr. Kumar:

    This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on September 30, 2003.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **03-3552**. Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                        Sincerely,

                        Priscilla Jones
                        Administrative Specialist

06 0714

**FILED**

APR 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642      Washington, D.C. 20530

FEB 27 2004

Mr. Suresh Kumar
Register No. 15020-075
United States Penitentiary      Re: Appeal No. 03-3552
Box PMB                                      Request No. 02-3562
Atlanta, GA  30315              RLH:NSQ:FPM

Dear Mr. Kumar:

    You appealed from the action of the Executive Office for United States Attorneys on your request for access to records concerning you.

    After carefully considering your appeal, and as a result of discussions between the EOUSA and a member of my staff, I have decided to remand your request for further processing. If you are dissatisfied with the EOUSA's further action on your request, you may appeal again to this Office.

    If you consider my response to be a denial of your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director

06 0714

**FILED**

APR 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

APPENDIX

Suresh Kumar #15020-075
P.O. Box 150160
Atlanta, GA  30315

March 10, 2004                          Appeal No. 03-3552
                                        Req. No.   02-3562
Mr. Richard L. Huff                                RLH:NSQ:FPM
Co-Director
Department of Justice
Office of Information and Privacy
Flag Bldg. Suite 750
Washington, DC  20530

Dear Mr. Huff:

Thank you for your letter dated Feb 27, 2004 intimating me that you have remanded my FOIA request to EOUSA for 'further processing.' I appreciate your kind conisderation.

Finally, I don't consider your response to be a denial; and look forward to EOUSA processing my request.  However, I will appreciate if you could kindly write to let me know as to how long will it be for the processing to be complete, or if I can do anything to help them expedite the process.

Thanking you.

Sincerely,

Suresh Kumar

06 0714

**FILED**

APR 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Suresh Kumar #15020-075
P.O. Box 150160
Atlanta, GA  30315

July 9, 2004

Mr. Richard L. Huff
Office of Information and Privacy
Flag Building, Suite 750
Washington, DC  205630

Dear Mr. Huff:

RE:  FOIA REQUEST  03-3552 and 02-3652; RLH: NSQ: FPM

This is in furtherance to your letter dated Feb 27, 2004 and my response dated Mar 10, 2004 (mistakenly dated Mar 10, 2003) concerning my FOIA request in the above case, which you had so kindly agreed to remand for "further processing" following my appeal.

Unfortunately--although, my Direct Appeal has been long denied and the conviction become final, and hence as per law I am entitled to my Discovery request--I am yet to receive either the Vaughn Index or any of the requested documents.

Sir! I understand that you have a job to do, but since my request has been pending so long, I will appreciate if you could kindly order the release of the requested documents as soon as possible.

Thanking you.

Sincerely,

Suresh Kumar

Sir:
I haven't heard from you over a long time. Kindly respond.

06 0714

FILED
APR 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:01CR-20-R  96-CR-20
(CIVIL ACTION NO. 1:01CV-88-R)

UNITED STATES OF AMERICA

v.

SURESH KUMAR

## ORDER

Mr. Kumar, by counsel, asks this Court to reconsider (Dkt #404) its order, docketed at 403, adopting Magistrate Judge King's report and recommendation in part and dismissing his § 2255 petition. The United States has responded (Dkt #405) and the matter is now ripe for decision.

Motions to reconsider under Fed. R. Civ. P. 59(e) are granted "if there is a clear error of law, see *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); newly discovered evidence, see *id.*, an intervening change in controlling law, *Collision v. International Chemical Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n. 3 (1st Cir. 1993); *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis v. Jellico Community Hospital*, 912 F.2d 129, 133 (6th Cir. 1990); *Collision*, 34 F.3d, at 236; *Hayes*, 8 F.3d, at 90-91 n.3." *Gencorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A motion under Rule 59(e) is not an opportunity to re-argue a case," and the

06 0714
353
**FILED**
APR 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

#13

Therefore, a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is **GRANTED** as to Mr. Kumar's claim of ineffective assistance of counsel based on the potential conflict of interest among the attorneys in his case, including his counsel.

Furthermore, Mr. Kumar is **GRANTED** leave to appeal to the Court of Appeals *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) because such appeal would be taken in good faith.

**IT IS SO ORDERED**.

This is the 20 day of May, 2004.

Thomas B. Russell, Judge
United States District Court

cc:  counsel

ENTERED
5-24-04
JEFFREY A. APPERSON, CLERK
BY
DEPUTY CLERK

355