UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SURESH KUMAR,              ) | |
|                 Plaintiff,    ) | |
| v.                         ) | Civil Action No. 06-714 (RBW) |
|                            ) | Electronic Case Filing |
| U.S. DEPARTMENT OF JUSTICE, et al.,  ) | |
|                 Defendants.  ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, identified in the complaint as the United States Department of Justice, and the Executive Office of United States Attorneys, by and through undersigned counsel, respectfully move for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. In short, plaintiff has failed to pay the reasonable fees assessed in connection with his request under the Freedom of Information Act, and there are no material facts in dispute. In support of this motion, Defendants submit the accompanying Memorandum in Support of Motion for Summary Judgment; Defendants' Statement of Material Facts Not In Dispute (attached as Exhibit 1); and the Declaration of Anthony J. Ciccone, Senior Attorney Advisor for the Executive Office of United States Attorneys, which is attached as Exhibit 2.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavit and other attachments in support of Defendants' motion will be accepted by the Court as true unless the Plaintiff submits his own affidavit or other documentary evidence contradicting

the assertions in Defendants' attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992); see also Local Rule 7(h)[1] and Fed. R. Civ. P. 56(e). Fed. R. Civ. P. 56(e) provides that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: August 22, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

 /s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

---

[1] Requiring that oppositions to motions for summary judgment "shall" be accompanied by a "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." LCvR 7(h).

          /s/
_____
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SURESH KUMAR, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, et al., )<br>)<br>        Defendants. )<br>_____) | Civil Action No. 06-714 (RBW)<br>Electronic Case Filing |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and pertains to the processing of plaintiff's FOIA request by the Executive Office for United States Attorneys ("EOUSA"), which is a component of the United States Department of Justice.[1] As discussed below, defendants are entitled to summary judgment because of plaintiff's failure to exhaust administrative remedies. The attached declaration of Anthony J. Ciccone ("Ciccone Dec."), Senior Attorney Advisor with EOUSA, describes the EOUSA's response to plaintiff's FOIA request.

---

[1] The only proper defendant under the FOIA is the agency rather than individual components of the agency. 5 U.S.C.§ 552(a)(4)(B); 5 U.S.C. § 552(f)(1). The term "agency," for purposes of the statute, is defined as "any Executive department, military department, Government corporation, Government-controlled corporation, or other establishment in the executive branch of the Government ... or any independent regulatory agency." 5 U.S.C. § 552(f). The term "Executive department" is further defined in Title 5 as a cabinet-level agency. See 5 U.S.C. § 105. The Department of Justice ("DOJ") is included in the list of cabinet-level agencies that fall within the definition of "Executive department." And, for example, EOUSA is a component of DOJ. 28 C.F.R. § 0.22. As such, EOUSA is not an "agency" within the definition of the FOIA. Accordingly, the only proper defendant in this action is the United States Department of Justice. Nevertheless, to minimize confusion and because EOUSA responded to plaintiff's request on behalf of DOJ, defendants will continue to refer to EOUSA.

**Factual and Procedural Background**

Plaintiff is currently serving a life sentence based on his convictions for conspiracy, arson and mail fraud in connection with a hotel fire in 1996 that killed four people.  See Complaint, ¶ 3; United States v. Logan, 187 F.3d 639, 1999 WL 551353 (6th Cir. July 19, 1999) (summarizing the background and criminal investigation and proceedings), cert. denied, 529 U.S. 1129 (2000); United States v. Kumar, No. 04-5667, 163 Fed. Appx. 361, 2006 WL 20553 (6th Cir. Jan. 5, 2006) (affirming denial of petition under 28 U.S.C. § 2255).  By letter dated October 30, 2002, Plaintiff sought "access to the file in the above case number [Criminal Action No. 1:96CR-20-R] in which I was convicted in the Western District Court of Kentucky on [or] about Feb 28, 1997." See Complaint, ¶ 4; Ciccone Dec. ¶¶ 5-6 & Exh. 1.  Plaintiff also supplied an executed Certificate of Identity.  See Ciccone Dec. ¶¶ 5-6.  EOUSA subsequently acknowledged receipt of the request, and assigned it a tracking number, Request No. 02-3652.  See id. ¶ 7.  EOUSA also advised plaintiff that his request would be treated as a "project" request which could take up to nine months to process.  Id. & Exh. 2.  In May and June, 2003, plaintiff inquired about the status of his request, but did not respond to EOUSA's suggestion that he narrow his request if he wished to receive a response faster.  Id. ¶¶ 9-10.

By letter dated July 29, 2003, EOUSA responded to Request No. 02-3652 with a full denial.  See Ciccone Dec. ¶ 13 & Exh. 5.  Among other reasons, EOUSA invoked Exemption 7(A) of the FOIA because Plaintiff's criminal case was still open and pending because a co-defendant, who is Plaintiff's brother-in-law, remains a fugitive.  See id. ¶¶ 13-14.  Plaintiff's criminal case was also still open because there had been at least one recent filing in the case.  Id. ¶ 14 & Exh. 6.  EOUSA also indicated that if records from Plaintiff's criminal case were

processed, other FOIA Exemptions would apply, including Exemption 3 in conjunction with Rule 6(e) of the Federal Rules of Criminal Procedure, with respect to grand jury materials, Exemption 5 for certain privileged, intra-governmental communications, and Exemption 7(C) with respect to privacy-protected information relating to individuals other than Plaintiff, and Exemption 7(D) with respect to the identity and information received from any confidential sources used in the case. Id. ¶ 15. EOUSA also noted that the Privacy Act exempted the records from release in their entirety because they are law enforcement records. See id. ¶ 16, citing 5 U.S.C. § 552a(j)(2); 28 C.F.R. §16.81(a).

      EOUSA also advised Plaintiff that he had the option of obtaining the publicly-available records associated with his criminal case directly from the Clerk of the U.S. District Court if he desired. See Ciccone Dec. ¶ 17. Plaintiff has not indicated that he intended to do so. Id. Finally, EOUSA advised Plaintiff of his right to appeal administratively EOUSA's denial of his request, and Plaintiff did so. Id. ¶¶ 18-19. In February, 2004, the Department of Justice's Office of Information and Privacy notified Plaintiff that it was remanding his case back to EOUSA for further action. See id. ¶ 20 & Exh. 8. After that, the U.S. Attorney's Office for the Western District of Kentucky ("USAO-WDKy") reviewed the files associated with Plaintiff's criminal case and, after two free hours of search time had been expended, estimated that processing the material would cost $546. See id. ¶¶ 21-23. By letter dated May 18, 2006, EOUSA advised Plaintiff concerning the estimated charges and requested payment prior to completing the review of the file and processing of any documents. Id. ¶ 24 & Exh. 10. Plaintiff failed to respond to the fee letter in any fashion, either within the thirty days requested or since, and EOUSA notified him that it was closing the file on Request No. 02-3652 in accordance with Department of Justice

regulations.  Id. ¶ 25 & Exh. 11.  In the meantime, plaintiff filed the instant litigation in April, 2006.  See Docket Entry No. 1.

**ARGUMENT**

It is well-established in administrative law that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." McKart v. United States, 395 U.S. 185, 193 (1969).  Exhaustion of such administrative remedies is required under the FOIA before a party can seek judicial review.  Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under the FOIA, including: (1) failure to provide the required proof of identity, Summers v. United States Dep't of Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) failure to reasonably describe the records being sought, Gillin v. IRS, 980 F.2d 819, 822-23 (1st Cir. 1992); (3) **failure to comply with fee requirements**, Trueblood v. United States Dep't of Treasury, 943 F.Supp. 64, 68 (D.D.C. 1996); and (4) failure to administratively appeal a denial of information, Oglesby v. United States Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990). Where a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full administrative exhaustion, his lawsuit is subject to immediate dismissal for lack of subject matter jurisdiction.  Id.

Here, plaintiff's lawsuit should be dismissed because of his failure to comply with the Department of Justice's fee requirements.  The FOIA provides that "each agency shall promulgate regulations... specifying the schedule of fees applicable to the processing of requests under this section and establishing procedures and guidelines for determining when such fees

should be waived or reduced." 5 U.S.C. § 552(a)(4)A)(i). The FOIA further provides that "[d]ocuments shall be furnished without charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(A)(4)(A)(iii).

Pursuant to these provisions, the Department of Justice ("DOJ") has promulgated guidelines for determining when fees should be waived. These regulations require the agency to consider four factors in determining whether requested information is sufficiently likely to contribute significantly to the public understanding of the government to warrant a fee waiver. Specifically, the DOJ must consider whether (1) the subject of the requested records concerns the operations or activities of the United States government; (2) disclosure is likely to contribute to an understanding of these operations or activities; (3) disclosure will contribute to public understanding of United States government operations or activities; and (4) disclosure is likely to contribute significantly to this public understanding. See 28 C.F.R. § 16.11(k) (1998). In addition, the DOJ's regulations provide that:

> In cases in which a requester has been notified that actual or estimated fees amount to more than $25.00, **the request shall not be considered received and further work shall not be done on it until the requester agrees to pay the anticipated total fee**.

28 C.F.R. § 16.11(e)(1998) (emphasis added). The burden is on the requester to establish its entitlement to the fee waiver. See Larson v. C.I.A, 843 F.2d 1481, 1483 (D.C. Cir. 1988).

In this case, Plaintiff's request was initially processed by EOUSA and no records were released because, at the time of its determination, Plaintiff's criminal case was still open and

responsive records were thereby protected from disclosure by Exemption 7(A).  See Ciccone Dec. ¶¶ 13-14; 5 U.S.C. § 552(b)(7)(A).  EOUSA also indicated that other FOIA Exemptions would apply to the material.  Id. ¶ 15.  EOUSA subsequently advised Plaintiff in a letter that Plaintiff would be required to pay $ 546 for the records to be located and processed for possible release, pursuant to 28 C.F.R. § 16.11.  Id. ¶¶ 23-24.

To date, Plaintiff has not made payment for the documents released to him, nor submitted a request for a fee waiver.  See Ciccone Dec. ¶ 25.  Plaintiff has therefore failed to comply with published rules to pay applicable fees in accordance with his statutory obligation under 5 U.S.C. § 552(a)(3)(A)(ii).  Id.  Moreover, plaintiff has not requested a fee waiver or explained why he would be entitled to a fee waiver.  Accordingly, plaintiff has failed to exhaust his administrative remedies and his claims to documents located and processed by the defendant should be dismissed.

## CONCLUSION

Plaintiff has failed to exhaust his administrative remedies.  Accordingly, defendant's motion for summary judgment should be granted.

Dated: August 22, 2006.

                                                Respectfully submitted,

                                                _____
                                                KENNETH L. WAINSTEIN, D.C. Bar #451058
                                                United States Attorney

                                                /s/_____
                                                RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                Assistant United States Attorney

        /s/
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 22nd day of August, 2006, a true and correct copy of the foregoing Defendants' Motion for Summary Judgment and Defendants' Memorandum in Support of Motion for Summary Judgment were served upon pro se plaintiff by first class United States mail, postage prepaid marked for delivery to:

SURESH KUMAR
Reg. No. #15020-075
P.O. Box 150160
Atlanta, Georgia   30315

 

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161