UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SURESH KUMAR, )
)
Plaintiff, )
)
v. ) Civil Action No. 06-714 (RBW)
)
U.S. DEPARTMENT OF JUSTICE, et al., )
)
Defendants. )
)

## DECLARATION OF ANTHONY J. CICCONE

I, Anthony J. Ciccone, declare the following to be a true and correct statement of facts material to this case:

1. I am a Senior Attorney Advisor in the Department of Justice currently assigned to the Executive Office for United States Attorneys ("EOUSA"), Freedom of Information and Privacy Staff. I have previously served within the Department as a Trial Attorney in the Civil Division (1990-97) and as Trial Attorney/FOIA-Privacy Counsel in the Executive Office for United States Trustees (1997-2004).

2. The FOIA/Privacy Staff processes all requests received by EOUSA and by all United States Attorneys' Offices nationwide – which last year exceeded 3,500 separately tracked request numbers – under the Freedom of Information and Privacy Acts ("FOIA/PA") and related regulations. 5 U.S.C. §§ 552-552a; 28 CFR § 16.1, *et seq*.

3. My duties on the FOIA/Privacy Staff include acting as liaison with other Departmental components and overseeing the processing of FOIA/PA requests for records maintained by EOUSA or any of the United States Attorneys' Offices nationwide, including searches for

responsive records, associated processing and fee issues, and determinations regarding release, redaction, or withholding of agency records pursuant to the access and exemption provisions of the Freedom of Information and Privacy Acts.

4. I am personally familiar with the FOIA/PA request made by Mr. Suresh Kumar (hereafter "Requester" or "Plaintiff"), which forms the basis of this litigation. The statements I make in this declaration derive from my direct review of Departmental files, information acquired in the performance of my official duties, and my own personal knowledge.

### Chronology of Processing Plaintiff's FOIA Request

5. This declaration explains the procedures that were followed in responding to Plaintiff's October 30, 2002 request ("the request"), which is referenced in paragraph 4 of the complaint filed April 21, 2006. A copy of Plaintiff's request is attached as **Exhibit 1** to my declaration. All of the accompanying exhibits have been reproduced from this office's FOIA files unless otherwise expressly noted, and an index of exhibits appears on the final page of this declaration for ease of reference.

6. The Plaintiff's FOIA request sought "access to the file in the above case number [Criminal Action No. 1:96CR-20-R] in which I was convicted in the Western District Court of Kentucky on [or] about Feb 28, 1997." Accompanying the October 30, 2002 FOIA request was a "Certification of Identity" form purportedly signed on October 29, 2002. **Exhibit 1.**

7. By letter dated November 21, 2002, EOUSA advised the Requester that his inquiry had been designated Request No. 02-3652 (Subject: "SELF (1:96CR-20-R)/KYW") for purposes of processing. Based on the subject of the request, it was deemed to be a request for all files in the possession of the United States Attorney's Office for the Western District of Kentucky

(USAO-KYW) relating to the Requester's prosecution in <u>United States v. Suresh Kumar, *et al.*,</u> Criminal Action No. 1:96-CR-0020 (W.D. Ky.). **Exhibit 2.**

8.  Given the expansive scope of "SELF" requests such as the Plaintiff submitted here, they are treated as large or "project" requests for processing purposes, and EOUSA's November 21, 2002 letter expressly cautioned that, unless narrowed in scope, processing could take at least nine months:

> Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.
>
> EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are Project Requests. If you have made such a request, you may either write us and narrow your request . . . , or we will consider that you have agreed to a due date of nine months from the date of this letter.

**Exhibit 2.**

9.  By letter dated May 6, 2003, the Requester submitted a status inquiry to EOUSA consisting of his original October 30, 2002 request – at the bottom of which was handwritten: "It has been over six months and I have not yet received anything from your office. Kindly let me know the status of my FOIA request." **Exhibit 3.**

10.  One month later, by letter dated June 6, 2003, the Requester submitted another status inquiry to EOUSA stating in pertinent part: "My initial request to your office dated Oct 30, 2002 and a subsequent reminder on May 6, 2003, both, remain unanswered." **Exhibit 4.**

11. As of the dates of both status inquiries, the nine-month period for processing his Project Request had not yet run. As noted in EOUSA's November 21, 2002 acknowledgment letter (**Exhibit 2**), "Project Requests take approximately nine months to process," which, in the Plaintiff's case, would extend through at least August 21, 2003.

12. Also, as of the dates of both status inquiries, the Plaintiff did not avail himself of the opportunity to narrow his request – as EOUSA's November 21, 2002 acknowledgment letter invited him to do – absent which he was deemed to have consented to the nine-month processing period typically association with Project Requests. *See* **Exhibit 2.**

13. By letter dated July 29, 2003, EOUSA responded to Request No. 02-3652 with a full denial, basing its decision upon several cited FOIA and Privacy Act exemptions. **Exhibit 5.**

14. Because proceedings in the Requester's criminal case were still pending, EOUSA's July 29, 2003 initial non-disclosure decision (**Exhibit 5**) invoked FOIA exemption (b)(7)(A),[1] based, *inter alia*, upon information from the Assistant United States Attorney assigned to the Requester's criminal case that:

> . . . charges are pending against the requster's co-defendant, Devinder Sharma who remains an international fugitive. This case involves the arson of a Howard Johnson Hotel in Bowling Green, Kentucky, on January 6, 1996, which resulted in the deaths of 4 individuals. . . . [The Requester and another co-defendant] were subsequently found guilty and sentenced. However, defendant Devinder Sharma remains a fugitive. We believe the release of **any** records to the requester, Suresh Kumar, would harm the pending international investigation and extradition of Devinder Sharma. . . . It should be noted that the requester, Suresh Kumar is the brother-in-law of the fugitive Devinder Sharma.

---

[1]  5 U.S.C. § 552(b)(7)(A) exempts from public disclosure "information compiled for law enforcement purposes . . . to the extent that the production [thereof] . . . (A) could reasonably be expected to interfere with enforcement proceedings."

**Exhibit 6** (emphasis in original). Furthermore, the court's electronic docketing system reflects activity in the Requester's criminal proceedings as recently as August 7, 2006. *See* **Exhibit 6** (PACER excerpt reflecting most recent Docket Entry No. 437, Sixth Circuit order denying motion of Suresh Kumar; *cf.* Docket Entry No. 436, docketing of *certiorari* petition).

15.  EOUSA's July 29, 2003 initial non-disclosure decision (**Exhibit 5**) also invoked four other FOIA exemptions, namely: Exemption (b)(3) with respect to grand jury materials;[2] Exemption (b)(5) with respect to privileged intra-governmental communications;[3] Exemption (b)(7)(C) with respect to privacy-protected information; and Exemption (b)(7)(D) with respect to confidential sources.[4]

16.  In addition, EOUSA's July 29, 2003 decision (**Exhibit 5**) noted that non-disclosure was also required by the Privacy Act (PA), insofar as the requested records were being sought under the PA's access provisions, as well as FOIA.  In so concluding, EOUSA's July 29, 2003 decision cited Privacy Act exemption (j)(2). 5 U.S.C. § 552a(j)(2).  That statutory provision authorizes the promulgation of regulations exempting from PA disclosure records maintained by an agency performing, as its principal function, activities relating to the enforcement of criminal

---

[2]  5 U.S.C. § 552(b)(3) exempts from public disclosure matters "specifically exempted from disclosure by statute," including grand jury material protected by F.R.Crim.P. 6(e).

[3]  5 U.S.C. § 552(b)(5) exempts from public disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," which has been held to include matter protected by civil discovery privileges such as the attorney-client, work product, and deliberative process privilege.

[4]  5 U.S.C. § 552(b)(7)(C) and (D) exempt from public disclosure "information compiled for law enforcement purposes . . . to the extent that the production [thereof] . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy [or] (D) could reasonably be expected to disclose the identity of a confidential source. . . ."

laws. Pursuant to subsection (j)(2)'s delegation of authority, the Attorney General has promulgated regulations, at 28 C.F.R. §16.81(a), which expressly exempt from PA disclosure information contained in United States Attorneys' criminal case files. Because the requested records here reside in that system of records (JUSTICE/USA-007, Criminal Case Files) their disclosure to the Requester is not authorized under the Privacy Act.[5]

17. Nonetheless, EOUSA's July 29, 2003 decision advised the Requester that "[t]here are public records which may be obtained from the clerk of the court or this office, upon specific request, subject to a copying fee." **Exhibit 5** at 2. Before charging fees for duplication of public court records, EOUSA routinely informs requesters that such records exist and may be provided upon specific request, subject to payment of applicable fees. Our policy on public court records is based on EOUSA's experience in prior FOIA/PA cases that persons seeking information about themselves in criminal cases typically do not wish to receive – or pay for – court records from their own proceedings (which can be obtained from counsel or the court, if not already in their possession), but rather typically seek to obtain internal *agency* records residing in United States Attorney's Office case files. Consequently, before producing public records, EOUSA offered the Requester an opportunity to obtain them directly from the court (either through the clerk's office or the court's PACER access system) or, alternatively, from EOUSA subject to FOIA processing fees. Here, the Requester never expressed an interest in limiting his FOIA request solely to public court documents.

---

[5] *See* 5 U.S.C. § 552a(j)(2), authorizing regulations exempting from PA disclosure records maintained by an agency performing, as its principal function, activities relating to the enforcement of criminal laws; *accord* 28 C.F.R. § 16.81(a) ("The following systems of records are exempt from 5 U.S.C. 552a(c)(3) and (4), (d) [*i.e.*, the Privacy Act's accounting and access provisions] : . . . (4) Criminal Case Files (JUSTICE/USA–007)").

18. Finally, EOUSA's July 29, 2003 initial non-disclosure decision (**Exhibit 5**) duly advised the Requester of his right to lodge an administrative appeal, pursuant to 28 C.F.R. § 16.9, within 60 days of the date thereof with the Department's Office of Information & Privacy (OIP).

19. By letter dated September 20, 2003, the Requester lodged an administrative appeal with OIP, which acknowledged receipt of the Requester's appeal and assigned it Appeal No. 03-3552 on October 10, 2003. **Exhibit 7.**

20. By letter dated February 27, 2004, OIP remanded the request back to EOUSA for further processing, stating as follows in a letter signed by former OIP Co-Director Richard L. Huff:

> After carefully considering your appeal, and as a result of discussions between the EOUSA and a member of my staff, I have decided to remand your request for further processing. If you are again dissatisfied with the EOUSA's further action on your request, you may appeal again to this Office.

**Exhibit 8.**

21. During the pendency of administrative remand proceedings, the Requester instituted this civil action on April 21, 2006, challenging "the Defendant's refusal to disclose the withheld records." Complaint, page 3.

22. Shortly after receiving a copy of the Requester's complaint, I contacted the FOIA Contacts in the USAO-KYW to assess the status of the Plaintiff's request, and EOUSA issued a memorandum dated May 16, 2006 reiterating the District's duty to retain all responsive records pending final resolution of this matter. **Exhibit 9**.

23. In response to EOUSA's litigation notice, the USAO-KYW advised that the first two free hours of search time had been expended, and that total search fees were currently estimated

to be $546, given the scope of the request and the multi-defendant nature of the proceedings.

Accordingly, by letter dated May 18, 2006, EOUSA notified the Requester that an advance

payment of $546 would be due, pursuant to 28 C.F.R. § 16.11(i), before the District continued its

search for responsive documents, unless the Requester wished to narrow his request and commit

to pay a lesser amount. **Exhibit 10.**

24. More specifically, EOUSA's May 18, 2006 fee letter explained that the first two

hours of search time were free, but the remaining search time would be billable at $28 per hour

under the Department's FOIA regulations. The District estimated that an additional 19.5 hours

would be required to complete its search for responsive documents, given that the criminal case

involved three co-defendants, for an estimated total search fee of $546 (19.5 hours x $28), after

excluding the first two free hours of search time already expended. An advance payment of $546

was thus demanded, pursuant to 28 C.F.R. § 16.11(i), before further processing would proceed.

This sum did not include copying charges for any pages released, which are billable at the rate of

$.10 per page after the first 100 pages which are free.[6] As the Requester was advised by

EOUSA's May 18, 2006 fee letter:

> We are currently searching for documents responsive to your
> FOIA/PA request, and we have reached the two hours of search
> time provided to you at no charge. . . . 28 CFR 16.11(i) provides
> that our office may collect an advance payment **before we**
> **continue processing your request** if we estimate fees will exceed
> $250.00. Search time is $28.00 per hour, after the first two hours
> which are free. In your case, the Western District of Kentucky has
> informed us that a complete search will take an additional 19.5

---

[6] *See* 28 C.F.R. § 16.11(c)(2) (duplication rates) and § 16.11(c)(1)(ii) (search rates);
*accord* § 16.11*(i)*(2)("[w]here a component . . . estimates that a total fee . . . will be more than
$250.00, it may require . . . an advance payment of an amount up to the amount of the entire
anticipated fee before beginning to process the request").

hours. Again, this excludes the first two hours which are provided
free of charge. Therefore, the search fee would be approximately
$546. The district has also indicated that they have about 21,500
pages of records in this case involving 3 defendants. We do not
know at this time how many pages would be found that relate to
you. . . .

Accordingly, an advance payment of $546.00 . . . must be received
by this office before we will continue processing your request. . . .
If you wish to reduce your fees, you may reformulate your request
by limiting the documents to a specific category or categories. Or,
if you specify that you will only pay up to certain amount, we will
process your case up to that amount. . . .

**Exhibit 10** (emphasis in original).

25. On or about August 7, 2006, a review of EOUSA's mail facilities and FOIA database

established that the Requester had not responded to the May 18, 2006 fee letter within 30 days.

Having neither tendered the $546 advance payment nor limited the scope of his FOIA request,

EOUSA closed the Plaintiff's request by letter dated August 9, 2006 for refusal to pay processing

fees. **Exhibit 11.**

### Reason for Closure of the Request for Failure to Pay Fees

26. In accordance with the Departmental regulations governing the processing fees

associated with FOIA requests, 28 C.F.R. § 16.11, *et seq.*, EOUSA routinely asks a FOIA

requester to submit an advance payment when estimated processing fees will exceed $250. Here,

by letter dated May 18, 2006 (**Exhibit 10**), EOUSA explained the basis for its advance payment

request and afforded the Requester the option to either pay that amount or some lesser amount

associated with a narrower request. The Requester was notified that, absent a response within 30

days, no further action would be taken on his request and that it would be administratively closed

for noncompliance with the Department's FOIA fee regulations.

27. EOUSA closed the Requester's request by letter dated August 9, 2006 (**Exhibit 11**), approximately twelve weeks after first giving him notification that he was required to pay fees before any further processing of his request would occur. During that period of time, the Requester neither agreed to pay any fees associated with his request nor sought a waiver of fees. During that period of time, the Requester tendered no payment of fees to EOUSA. And, to date, we have no notice of any administrative appeal having being lodged within 60 days of our May 18, 2006 fee demand letter.

### Conclusion

28. From my review of the file in this matter, it appears to me that EOUSA handled each step in the processing of this FOIA request in a manner entirely consistent with EOUSA procedures and Department of Justice regulations. These procedures and regulations were developed to comply with the access and exemption provisions of the Freedom of Information and Privacy Acts and to ensure an equitable response to all persons seeking access to records under those statutes.

I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 21, 2006

ANTHONY J. CICCONE
Senior Attorney Advisor
Freedom of Information & Privacy Staff
Executive Office for U.S. Attorneys
United States Department of Justice

# INDEX OF EXHIBITS

<u>Request No. 02-3652</u>

1.  Plaintiff's Oct. 30, 2002 request
2.  EOUSA's Nov. 21, 2002 acknowledgment letter
3.  Plaintiff's May 6, 2003 status inquiry
4.  Plaintiff's June 6, 2003 status inquiry
5.  EOUSA's July 29, 2003 withholding decision
6.  District's Exemption 7(A) justification memo & PACER docket excerpt
7.  Plaintiff's Sept. 20, 2003 appeal and OIP's Oct. 10, 2003 acknowledgment
8.  OIP's Feb. 27, 2004 remand decision
9.  EOUSA's May 16, 2006 litigation notice
10. EOUSA's May 18, 2006 advance payment request
11. EOUSA's Aug. 9, 2006 close-out letter for refusal to pay FOIA fees

# EXHIBIT 1

FOIA/Privacy Act Declaration
Executive Office for U.S. Attorneys
Department of Justice

EOUSA/FOIA/PA
02 NOV -7 PM 3: 58

Suresh Kumar(15020-075)
P.O. Box PMB
Atlanta, GA  30315

October 30, 2002

Criminal Division/Executive Office for the United States
Attorney's Office(FOIA)
600 E. Street NW Suite 7300
Washington, DC  20530

Dear Sir/Madame:

RE:  Freedom of Information Act, Case No. 1:96CR-20-R
     TO WHOM IT MAY CONCERN

I write this letter to you concerning the Freedom of Information
Act, 5 U.S.C. subsection 552 and the Privacy Act, 5 U.S.C. sub-
section 552(c).  I am requesting access to the file in the above
case number in which I was convicted in the Western District Court
of Kentucky on about Feb 28, 1997.

If you deny any or all portions of this request, kindly cite
the specific exemption you think justifies the refusal to release
the information and also kindly notify me of you appeal procedure.

Thanking you.

Sincerely,

Suresh Kumar

FILE COPY
#02-3652

U.S. Department of Justice

**Certification . Identity**



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    Suresh Kumar

Citizenship Status [2]    Indian          Social Security Number [3]    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

Current Address    P.O. Box PMB, Atlanta, GA 30315

Date of Birth    August 12, 1955          Place of Birth    Aligarh, India

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]                                    Date    October 29, 2002

## OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

### Print or Type Name

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016

# EXHIBIT 2

FOIA/Privacy Act Declaration
Executive Office for U.S. Attorneys
Department of Justice



**U.S. Depa.  .nent of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 02-3652

NOV 21

Subject: SELF (1:96CR-20-R)/KYW

Requester: SURESH KUMAR

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request.  It has been assigned the above number.  Please give us this number if you write about your request.  If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request).  Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days).  There are some exceptions, for example, Project Requests take approximately nine months to process.  Requests for "all information about myself in criminal case files" are Project Requests.  If you have made such a request, you may either write us and narrow your request for specific items, or we will consider that you have agreed to a due date of nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver.  Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you.  Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free.  Please do not send any payment at this time!  If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees.  After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you.  Without such payment, your request file will be closed without further action.

Sincerely,

Marie a. O'Rourke

Marie O'Rourke
Assistant Director
FOIA/PA Unit

COPY

Form No. 001 - 3/02

# EXHIBIT 3

FOIA/Privacy Act Declaration
Executive Office for U.S. Attorneys
Department of Justice

CW 02-3652
010 111

EOUSA/FOIA/PA

03 MAY 14 PM 2:28

Suresh Kumar(15020-075)
P.O. Box PMB
Atlanta, GA  30315

October 30, 2002

Criminal Division/Executive Office for the United States
Attorney's Office(FOIA)
600 E. Street NW Suite 7300
Washington, DC  20530

Dear Sir/Madame:

RE:  Freedom of Information Act, Case No. 1:96CR-20-R
     TO WHOM IT MAY CONCERN

I write this letter to you concerning the Freedom of Information
Act, 5 U.S.C. subsection 552 and the Privacy Act, 5 U.S.C. sub-
section 552 (c).  I am requesting access to the file in the above
case number in which I was convicted in the Western District Court
of Kentucky on about Feb 28, 1997.

If you deny any or all portions of this request, kindly cite
the specific exemption you think justifies the refusal to release
the information and also kindly notify me of you appeal procedure.

Thanking you.

Sincerely,

Suresh Kumar

It has been over six months
and I have not yet received
anything from your office.
Kindly let me know the
status of my FOIA request.

Kumar  May 6, 2003

# EXHIBIT 4

FOIA/Privacy Act Declaration
Executive Office for U.S. Attorneys
Department of Justice

02-3652
010
III

EOUSA/FOIA/PA
03 JUN 16 PM 1:13

Suresh Kumar (15020-075)
P.O. Box PMB
Atlanta, GA  30315

June 6, 2003

Criminal Division/Executive Office
for the United States Attorney's Office (FOIA)
600 E. Street NW, Suite 7300
Washington, DC  20530

Dear Sir/Madame:


RE:    Freedom of Information Act, Case No. 1:96CR-20-R
              To Whom it May Concern ICYW


I  write this letter to inquire about my request under FOIA Act,
5 U.S.C. §552 and the Privacy Act, 5 U.S.C. §552(c).  My initial
request to your office dated Oct 30, 2002 and a subsequent reminder
on May 6, 2003, both, remain unanswered.  A copy of this request
is enclosed along with this letter.

I will appreciate if you could write and let me know the status
of my request.  I will also appreciate if you could let me know
the address of the office to appeal to in case of a undue delay
or  denial of my request.

Thanking you.

Sincerely,


Suresh Kumar

# EXHIBIT 5

FOIA/Privacy Act Declaration
Executive Office for U.S. Attorneys
Department of Justice



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

---

Requester: Swresh Kumar _____ Request Number: 02-3652 _____

Subject of Request: Self _____

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ ] partial [X] full denial.

Enclosed please find:
_____ page(s) are being released in full (RIF);        JUL 29 2003
_____ page(s) are being released in part (RIP);
_____ page(s) are withheld in full (WIF). **The withheld documents were reviewed to determine if any information could be segregated for release.**

In addition, this office is withholding ____ page(s) of grand jury material and/or sealed documents which is retained in the District.

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

| Section 552 | | Section 552a | |
|---|---|---|---|
| [ ] (b)(1)    [ ] (b)(4) | [X] (b)(7)(A) | [X] (j)(2) |
| [ ] (b)(2)    [X] (b)(5) | [ ] (b)(7)(B) | [ ] (k)(2) |
| [X] (b)(3)    [ ] (b)(6) | [X] (b)(7)(C) | [ ] (k)(5) |
| Fed.Cr.P. 6(3) | [X] (b)(7)(D) | [ ] _____ |
| _____ | [ ] (b)(7)(E) | |
| | [ ] (b)(7)(F) | (Page 1 of 2) |

Form No. 021 - 10/01

[X]  A review of the material revealed documents which:

    [ ] _____ Page(s) originated with another government
component.  These records were referred to the following
component(s) listed for review and direct response to you:_____
_____.

    [X] There are public records which may be obtained from the
clerk of the court or this office, upon specific request, subject to
a copying fee.

    [X]  See additional information attached.

    [ ]  A $_____ copying, $_____ search, and/or $_____ review fee
is being assessed for the processing of your request.  Please send a
certified check or money order for $_____, payable to the Treasury
of the United States, within thirty (30) days.  Payment should be
mailed to the Freedom of Information Act/Privacy Act Unit, 600 E
Street, N.W., Room 7300, Washington, D.C.  20530.

    This is the final action this office will take concerning your
request.

    You may appeal my decision to withhold records in this matter
by writing within sixty (60) days from the date of this letter, to:

                    Office of Information and Privacy
                    United States Department of Justice
                         Flag Building, Suite 570
                         Washington, D.C.  20530

    Both the envelope and letter of appeal must be clearly marked
"Freedom of Information Act/Privacy Act Appeal."

    After the appeal has been decided, you may have judicial review
by filing a complaint in the United States District Court for the
judicial district in which you reside or have your principal place
of business; the judicial district in which the requested records
are located; or in the District of Columbia.


                              Sincerely,


                              Marie A. O'Rourke
                              Assistant Director

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

| | |
|---|---|
| (b)(1) | (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order; |
| (b)(2) | related solely to the internal personnel rules and practices of an agency; |
| (b)(3) | specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld; |
| (b)(4) | trade secrets and commercial or financial information obtained from a person and privileged or confidential; |
| (b)(5) | inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency; |
| (b)(6) | personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; |
| (b)(7) | records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life of physical safety of any individual. |
| (b)(8) | contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or |
| (b)(9) | geological and geophysical information and data, including maps, concerning wells. |

### SUBSECTION OF TITLE 5, UNITED STATES CODE, SECTION 552a

| | |
|---|---|
| (d)(5) | information complied in reasonable anticipation of a civil action proceeding; |
| (j)(2) | material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals, except records of arrest; |
| (k)(1) | information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods; |
| (k)(2) | investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence; |
| (k)(3) | material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056; |
| (k)(4) | required by statute to be maintained and used solely as statistical records; |
| (k)(5) | investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence; |
| (k)(6) | testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process; |
| (k)(7) | material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence. |

FBI/DOJ

# ADDENDUM TO THE EXPLANATION OF EXEMPTION SHEET

X    Rule 6(e) of the Federal Rules of Criminal Procedure pertains to the Federal Grand Jury, its integrity and the secrecy surrounding the Jury.

☐    Under the Freedom of Information Act, an agency has no discretion to release any record covered by an injunction, protective order, or court seal which prohibits disclosure.  See GTE Sylvania, Inc. v. Consumers Union, 445 U.S. 375, 386-387 (1980); See also Robert Tyrone Morgan v. U.S. Dept. of Justice, 923 F.2d 195 (D.C. Cir. 1991).

# EXHIBIT 6

FOIA/Privacy Act Declaration
Executive Office for U.S. Attorneys
Department of Justice

We believe this FOIA request warrants the 7(a) exemption because charges are pending against the requester's co-defendant, Devinder Sharma who remains and international fugitive.  This case involves the arson of a Howard Johnson Hotel in Bowling Green, Kentucky, on January 6, 1996, which resulted in the deaths of 4 individuals.  Suresh Kumar along with Joe E. Logan, Sr., and Devinder Sharma were charged by indictment with conspiracy, destruction of a building used in interstate commerce by fire, and mail fraud.  Kumar and Logan were subsequently found guilty and sentenced.  However, defendant Devinder Sharma remains a fugitive.  We believe the release of **any** records to the requester, Suresh Kumar, would harm the pending international investigation and extradition of Devinder Sharma.  As we continue to pursue the capture, extradition, and prosecution of Devinder Sharma.  It should be noted that the requester, Suresh Kumar is the brother-in-law of the fugitive Devinder Sharma.

FILE

*[FROM PACER]*

CASREF, CLOSED

# U.S. District Court
## Western District of Kentucky (Bowling Green)
## CRIMINAL DOCKET FOR CASE #: 1:96-cr-00020-TBR-WDK-ALL

Case title: USA v. Kumar

Magistrate judge case numbers: 1:96-mj-00066
1:96-mj-00067
1:96-mj-00068

Date Filed: 07/01/1996

Assigned to: Judge Thomas B. Russell
Referred to: Magistrate Judge W. David King

**Defendant**

**Suresh Kumar** (1)
*TERMINATED: 07/09/1997*
*also known as*
Sam Kumar

represented by **Suresh Kumar**
15020-075
USP-ATLANTA
601 McDonough Blvd. SE
Atlanta, GA 30315-0182
PRO SE

**David F. Broderick**
Broderick & Associates
921 College Street
P.O. Box 3100
Bowling Green, KY 42102-3100
270-782-6700
Fax: 270-782-3110
Email: brodericklaw@gmail.com
*TERMINATED: 07/09/1997*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pat T. McNally**
Hollins, Wagster, Yarbrough,
Weatherley & Raybin, PC
424 Church Street
2200 Financial Center
Nashville, TN 37219
615-256-6666
Fax: 615-254-4254
Email: pmcnally@hwylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**United States of America**                 represented by **James Russell Lesousky, Jr.**
U.S. Attorney Office - Louisville
510 W. Broadway
10th Floor
Louisville, KY 40202
502-625-7067
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John L. Caudill**
U.S. Attorney Office - Louisville
510 W. Broadway
10th Floor
Louisville, KY 40202
502-625-7103
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/07/2006 | 437 | Copy of Order received from Sixth Circuit denying Kumar's motion for leave to file a second or successive motion to vacate and motion for appointment of counsel denied as moot, as to Suresh Kumar. (CDF) (Entered: 08/08/2006) |
| 07/03/2006 | 436 | Notification from Supreme Court of the United States that Petition for Writ of Certiorari was placed on docket 6/19/2006 as No. 05-11581 re Suresh Kumar. (LMW) (Entered: 07/05/2006) |
| 06/05/2006 | 435 | ORDER of USCA as to petition for rehearing (Mandate issued 434) as to Joe A. Logan, Sr re 409 Notice of Appeal (Attachments: # 1 cover letter) (CDF) (Entered: 06/06/2006) |
| 06/05/2006 | 434 | MANDATE of USCA (certified copy) affirming as to Joe A. Logan, Sr re 409 Notice of Appeal. (Attachments: # 1 Sixth Circuit Opinion affirming and Concurrence# 2 Sixth Circuit Judgment affirming# 3 cover letter)(CDF) (Entered: 06/06/2006) |
| 04/03/2006 | 433 | ORDER of USCA denying motion for reconsideration (mandate issued 432) as to Suresh Kumar re 415 Notice of Appeal. (Attachments: # 1 cover letter)(CDF) (Entered: 04/05/2006) |
| 04/03/2006 | 432 | MANDATE of USCA affirming the judgment of the district court as to Suresh Kumar re 415 Notice of Appeal (Attachments: # 1 Sixth Circuit Opinion affirming# 2 cover letters)(CDF) (Entered: 04/04/2006) |
| 01/24/2005 | 431 | Order from U S Court of Appeals denying certificate of appealability with respect to those claims not certified by the District Court re 417 Notice of Appeal - Suresh Kumar (LMW) (Entered: 01/25/2005) |
| 11/29/2004 | 430 | ORDER of USCA (certified copy) as to Joe A. Logan Sr. re 409 Notice of Appeal. Appeal has been construed as application for certificate of |

# EXHIBIT 7

FOIA/Privacy Act Declaration
Executive Office for U.S. Attorneys
Department of Justice

PA 03-3552
(A)
EOUSA

Suresh Kumar #15020-075
P.O. Box 150160
Atlanta, GA  30315

September 20, 2003

Office of Information and Privacy
United States Department of Justice
Flag Building, Suit 750
Washington, D.C.  20530

Dear Sir/Madame:

RE:  Freedom of Information Act/Privacy Act Appeal

Citing §552(b)(3), 552(b)(5), (552(b)(7)(A), 552(b)(7)(B), 552(b)(7)(C), 552(b)(7)(D), 552a (j)(2) exemptions, my FOIA request which was mailed on October 30, 2002, was denied by Ms. Marie A. O'Rourke through her letter dated July 29, 2003.

I appeal this denial because of the under mentioned reasons:

a.   Contrary to the  Assistant Director's assertion none of my requsts are exempted by the statute.

b.   My FOIA request does not seek for any interagency memorandums and records or letter.

c.   Since my case has already become final and all the allegations were already put in issue it will not interfere with enforcement proceeding.

Secondly, I suggest blacking out the names and identities of persons which may pose a concern under §552(b)(7)(A), 552(b)(7)(C), 552(b)(D)

Finally your assertion that all the disclosure in my request is exempted under §550(b)(3) is contrary to the existing law.

I am entitled to this information under FOIA and I appeal this unjust denial of my request.  I expect a final ruling on my appeal within 20 days, the time specified  in the statute, failing which, I will have no choice, but to file a Civil Complaint in the Federal District Court.

Sincerely,

Suresh Kumar

OFFICE OF INFORMATION
AND PRIVACY

SEP 3 0 2003

RECEIVED



**U.S. Department of Justice**

EOUSA/FOIA/PA     Office of Information and Privacy

03 OCT 15 PM 2:56

_Telephone: (202) 514-3642_                              _Washington, D.C. 20530_

Mr. Suresh Kumar
Register No. 15020-075
United States Penitentiary
601 McDonough Boulevard SE., Box PMB
Atlanta, GA  30315

        Re:    Your letter of September 20, 2003

Dear Mr. Kumar:

        This is to advise you that your administrative appeal from the action of the Executive Office for
United States Attorneys on your request for information from the files of the Department of Justice was
received by this Office on September 30, 2003.

        The Office of Information and Privacy, which has the responsibility of adjudicating such
appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford
each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals
in the approximate order of receipt.  Your appeal has been assigned number **03-3552**.  Please mention
this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can.  The necessity of this
delay is regretted and your continuing courtesy is appreciated.

                                Sincerely,

                                Priscilla Jones

                                Priscilla Jones
                                Administrative Specialist



# EXHIBIT 8

FOIA/Privacy Act Declaration
Executive Office for U.S. Attorneys
Department of Justice

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

FEB 27 2004

Mr. Suresh Kumar
Register No. 15020-075
United States Penitentiary          Re:  Appeal No. 03-3552
Box PMB                                  Request No. 02-3562
Atlanta, GA  30315                       RLH:NSQ:FPM

Dear Mr. Kumar:

    You appealed from the action of the Executive Office for United
States Attorneys on your request for access to records concerning
you.

    After carefully considering your appeal, and as a result of
discussions between the EOUSA and a member of my staff, I have
decided to remand your request for further processing.  If you are
dissatisfied with the EOUSA's further action on your request, you may
appeal again to this Office.

    If you consider my response to be a denial of your appeal, you
may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                        Sincerely,


                        Richard L. Huff
                        Co-Director

# EXHIBIT 9

FOIA/Privacy Act Declaration
Executive Office for U.S. Attorneys
Department of Justice



**U.S. Department of Justice**

Executive Office for United States Attorneys

(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)

Freedom of Information & Privacy Staff                    *600 E Street, NW, Suite 7300, Washington, DC  20530*

MAY 1 6 2006

To FOIA/PA Contact: Debi Hickey & Anita Reno (USAO/KY-W)

District or Office:    Western District of Kentucky

EOUSA Request No.:   02-3652 (OIP Appeal No. 03-3552)

FOIA Requester:    Suresh Kumar

Subject:    Self

Please note that a lawsuit has been filed regarding the above FOIA request. The complaint (*attached*) is captioned Suresh Kumar v. EOUSA, Civil Action No. 1:06cv714-RBW.

The EOUSA staff attorney assigned to this case is: Anthony Ciccone (202-616-6757). The Assistant U.S. Attorney primarily responsible for handling the litigation in court is: Jane M. Lyons, whose phone number is (202) 514-7161.

In connection with the litigation, please do the following:

1. **Do not purge files.**

2. Notify the AUSAs who handled the primary case (and, if applicable, those responsible for any appeal) that this matter is now the subject of pending FOIA litigation.

3. You or others may be asked to prepare a declaration describing your search for and preservation of responsive documents after you received the FOIA request. If so, the staff attorney assigned to this case will contact you to assist in drafting the declaration.

Please call the assigned staff attorney at your earliest convenience to discuss this matter.

Sincerely yours,

William G. Stewart II
Acting Assistant Director

Enclosure                                                    *Lit-2 (Rev. 4/6/06)*



# EXHIBIT 10

FOIA/Privacy Act Declaration
Executive Office for U.S. Attorneys
Department of Justice



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA and Privacy Act Staff
                *Suite 7300, Bicentennial Building*        *(202) 616-6757*
                *600 E Street, N.W.*        *FAX (202) 616-6478*
                *Washington, DC 20530*

Requester: Suresh Kumar
                           MAY 1 8 2006

Request No. 02-3652

Dear Mr. Kumar:

We are currently searching for documents responsive to your FOIA/PA request, and we have reached the two hours of search time provided to you at no charge. Federal Regulation 28 CFR 16.11(i) provides that our office may collect an advance payment **before we continue processing your request** if we estimate fees will exceed $250.00. Search time is $28.00 per hour, after the first two hours which are free. In your case, the Western District of Kentucky has informed us that a complete search will take an additional 19.5 hours. Again, this excludes the first two hours which are provided free of charge. Therefore, the search fee would be approximately $546. The district has also indicated that they have about 21,500 pages of records in this case involving 3 defendants. We do not know at this time how many pages would be found that relate to you. Although not all of these records are likely to be released to you, please note that in addition to the charges for search time, we charge $.10 per page for pages released to you, after the first 100 pages which are free. Once processing has been completed and a final charge is known, you will be required to submit the remaining fee before documents will be released to you.

Accordingly, an advance payment of $546.00 in the form of a check or money order, payable to the Treasury of the United States, must be received by this office before we will continue processing your request. **Please indicate on the face of the check the above request number and mail it to the above address.**

If you wish to reduce your fees, you may reformulate your request by limiting the documents to a specific category or categories. Or, if you specify that you will only pay up to a certain amount, we will process your case up to that amount. Finally, keeping in mind that the first two hours were free, you may direct that we terminate your search.

**Per 28 C.F.R. 16.11(i), your request is not considered received until we receive a response from you. Please respond within 30 days of the date of this letter, or this matter will be closed.** If you wish, you may use the attached form to indicate your wishes. If you have any questions, please call Attorney Advisor Garry Stewart at 202-616-3450.

Sincerely,

William G. Stewart II
Acting Assistant Director

Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington D.C. 20530-0001.

**FILE COPY**

Requester: Suresh Kumar        Request: 02-3652

**Choose One**

1. Enclosed is an advance payment of $_____ for search fees.

2. Please terminate the search for documents.  I promise to pay $_____ for duplication fees for documents found thus far.

3. Please terminate the search.  I am hereby withdrawing my request_____(Sign)

4. I agree to pay no more than $_____ for search fees and no more than $_____ for duplication fees.  Please process my request accordingly.

5. I wish to reformulate my request to include only the following documents:

_____

_____

_____

_____

(Please note that a search for specific records may not reduce search time and often requires more search time).

6. Please do not search any longer.  **I understand that I am entitled to the first 100 pages free**. If you have found releasable documents, send me the free documents and close my case.

_____          _____
Name                                     Date

Please return to:

EOUSA
FOIA/PA
600 E. Street, N.W., Room 7300
Washington D.C., 20530

# EXHIBIT 11

FOIA/Privacy Act Declaration
Executive Office for U.S. Attorneys
Department of Justice



**U.S. Department of Justice**

Executive Office for United States Attorneys

_____

(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)

Freedom of Information & Privacy Staff

*Suite 7300, Bicentennial Building*
*600 E Street, N.W.*
*Washington, DC 20530*

August 9, 2006

Requester:    Suresh Kumar_____

Request No.:  02-3652_____                    AUG  -9  2006

Dear Requester:

    On <u>May 18, 2006,</u> we sent you a letter indicating an estimate of the fees that would be charged for processing your Freedom of Information Act request.  We gave you 30 days to respond with your commitment to pay or advance payment, as appropriate.  Since we did not hear from you in that time, your request file has been closed in accordance with our prior letter.

                    Sincerely,

                    William G. Stewart II
                    Acting Assistant Director