UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SURESH KUMAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-714 (RBW) |
| ) | Electronic Case Filing |
| U.S. DEPARTMENT OF JUSTICE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

Defendants filed their motion for summary judgment on August 22, 2006. See Docket Entry No. 11. The purpose of this supplemental memorandum is to give notice to the Court of factual developments since the filing of defendants' motion for summary judgment which may have some bearing on this case and further support granting defendants' motion.

Plaintiff brought this case under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), challenging the response he had received to his request for "access to the file in the above case number [Criminal Action No. 1:96CR-20-R] in which I was convicted [of conspiracy, arson, and mail fraud] in the Western District Court of Kentucky on [or] about Feb 28, 1997." See Declaration of Anthony J. Ciccone, Exh. 1 (attached to Defs.' Mot. for Summ. J.). Defendants' motion argues that defendants are entitled to judgment because plaintiff has failed to agree to pay the estimated fees associated with his request for information or select from one of the other offered options for receiving information. See Def.'s Mem. In Support of Mot. for Summ. J., at 4-6; Declaration of Anthony J. Ciccone, ¶ 24 & Exh. 10 (May 18, 2006 letter from

EOUSA to plaintiff regarding fees).  The estimated fees associated with plaintiff's request are $546.  See id.

On August 28, 2006, after defendants had filed their dispositive motion, the Executive Office for United States Attorneys ("EOUSA") received a letter from plaintiff in which he suggests that he had not received EOUSA's May 18, 2006 letter advising him about the fees associated with the FOIA request which is the subject of this litigation.  See Exhibit 1 (letter from Suresh Kumar to William G. Stewart II).  Plaintiff's letter requested that any processing fees associated with his request be waived on the grounds that he is indigent.  See id.

On September 13, 2006, EOUSA responded to plaintiff's letter.  See Exhibit 2.  EOUSA denied plaintiff's belated request for a waiver of fees associated with his FOIA request on the grounds that the release of the information being sought would not contribute to the public interest as contemplated by DOJ's fee waiver regulation, 28 C.F.R. § 16.11(k), because the information related solely to plaintiff's criminal investigation, prosecution, and conviction.  See id.

Denial of plaintiff's request for a fee waiver was appropriate under the Department of Justice's regulation.  EOUSA's denial of plaintiff's request for a fee waiver must be exhausted administratively prior to judicial review.  Pruitt v. Executive Office for U.S. Attorneys, No. 01-5453, 2002 WL 1364365, at *1 (D.C. Cir. Apr. 19, 2002) (reiterating that judicial review is not appropriate until requester either appeals fee waiver denial or pays assessed fees); Voinche v. United States Dep't of Air Force, 983 F.2d 667, 669 (5th Cir. 1993) (requester seeking fee waiver must exhaust administrative remedies before seeking judicial review); 28 C.F.R. § 16.9(c) (DOJ regulation providing for administrative appeal exhaustion prior to court review).  Because this

litigation was already commenced at the time plaintiff first requested a fee waiver, plaintiff has not exhausted his administrative remedies, and the Court should not review the denial of the fee waiver in this action.

Even if the Court reaches EOUSA's denial of the fee waiver, however, it should clearly be upheld under the Court's de novo review. 5 U.S.C. § 552(a)(4)(A)(vii); Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1311 (D.C. Cir. 2003) (reviewing denial of a fee waiver under the de novo standard). The only ground cited by plaintiff to support his request was his asserted indigence, and it is well settled that indigence, by itself, fails to support a fee waiver. Courts in this jurisdiction consistently have ruled that indigence alone does not entitle a requester to a fee waiver. See Ely v. Postal Serv., 753 F.2d 163, 165 (D.C. Cir. 1985), cert. denied, 471 U.S. 1106 (1985); D.C. Technical Assistance Org., Inc. v. U.S. Dep't of Housing & Urban Dev., 85 F. Supp. 2d 46, 48 (D.D.C. 2000); Durham v. Department of Justice, 829 F. Supp. 428, 435 n. 10 (D.D.C.1993); Crooker v. Army, 577 F. Supp. 1220, 1224 (D.D.C. 1984). As stated by the D.C. Circuit in Ely:

> The fee waiver provision in the Freedom of Information Act was enacted to ensure that the public would benefit from any expenditure of public funds for the disclosure of public records. Congress rejected a fee waiver provision for indigents.

753 F.2d at 165 (citing S. Rep. No. 1200, 93rd Cong., 2d Sess. 8, reprinted in 1974 U.S. Code Cong. & Ad. News 6267, 6285, 6287 (Conference Report)). Instead, fee waivers may be obtained "*only* if the agency makes the requisite public interest finding." National Treasury Employees Union v. Griffin, 811 F.2d 644, 646 (D.C. Cir. 1987) (emphasis added).

Because Plaintiff's sole basis for requesting a fee waiver is his indigence, he clearly fails to qualify for such a waiver. Defendants' motion for summary judgment should be granted.

Dated: September 22, 2006.

                Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2006, a true and correct copy of the foregoing Defendants' Supplemental Memorandum in Support of Motion for Summary Judgment was served upon pro se plaintiff by first class United States mail, postage prepaid marked for delivery to:

SURESH KUMAR
Reg. No. #15020-075
P.O. Box 150160
Atlanta, Georgia   30315

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161