UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 2 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SURESH KUMAR, )
    Plaintiff, )
 )
 )
 )
vs. ) Civil Action No. 06-0714
 )
 )
 )
U.S. DEPARTMENT OF JUSTICE, et. al., )
    Defendants, )

## PLAINTIFF'S REPLY TO DEFENDANT'S COMPLAINT

Comes Plaintiff in accordance with this court's Order dated August 23, 2006 and files this reply to Government's response to Plaintiff's FOIA complaint in the above mentioned Civil Action. The court Ordered Plaintiff to file this reply by September 25, 2006.

### FACTS AND ARGUMENTS

1. <u>Defendant's Fee Allegations Misplaced and Incorrect</u>

Defendant's sole defense for summary dismissal rests on argument that Plaintiff allegedly failed to 'comply with Department of Justice's fee requirements.' See Government's Memorandum, para 3 of page 4, and para 25-26, page 11 of Mr. Cicione's affidavit in support of the Defendant's Memorandum. Government's argument is misplaced for the reasons outlined in the Plaintiff's affidavit (supported by Exhibits) which is attached with this Reply.

Defendant's assertion that Plaintiff did not make fee payment for document release is incorrect for the reasons enumerated below:

a. Plaintiff, in his sworn affidavit asserts that he did not receive Defendant's May 18, 2006 letter asking the Plaintiff to pay $546 fee for location and processing FOIA document. After Plaintiff received Defendant's August 9, 2006 letter, Plaintiff informed the Defendant that he did not receive the May 18th letter. See para 15, page 4 of Plaintiff's Affidavit and the supporting Exhibits.

b. Plaintiff learned of the fee-demand only after he received Defendant's Motion for extension, and also, after he received Defendant's August 9th letter informing that Defendant was closing Plaintiff's file for non receipt of fees. See para 15, page 4 of Plaintiff's affidavit and the supporting Exhibits.

c. On August 15, 2006 Plaintiff immediately informed Defendant that he had not received Plaintiff's May 18th letter, hence did not know a demand for fees was even made. Plaintiff also informed Defendant that Plaintiff was indigent and that his indigent status was either known or should have been known to the Defendant through the filings in this court; Plaintiff requested Defendant to waive the fees. Defendant did not reply Plaintiff's letter, instead, in his response argued to the court that Plaintiff's complaint should be summarily denied because Plaintiff had failed to pay the fees. See para 15, page 4 of Plaintiff's affidavit and the supporting Exhibits; para 1, page 1 of Defendant's motion for Summary Judgement.

The court will recognize that Defendant patiently waited for about one and half years from the date of last reminders and for about four years after his initial FOIA request to file the complaint on Mar 21, 2006 in this court. See para 13, page 3 of Plaintiff's affidavit and the supporting Exhibits.

Surprisingly, the Defendant conveniently uses the core subject of May 18, 2006 letter (which the Plaintiff never received) as the sole ground to pursuade this court to dismiss Plaintiff's civil complaint. See para 1, page 1 of Defendant's Motion Summary Judgement.

Plaintiff requests this court to recognize the dilemma Plaintiff is faced with, and deny Defendant's request for summary dismissal; and more so, because of Plaintiff's indigent status, Order the Defendant to conduct the search of the requested documents and order the release of Vaughn Index and documents to the Plaintiff. See para 1, page 1 of Defendant's Motion for Summary Judgement, and para 2-3, page 6 of Defendant's Memorandum.

2. Defendant's Defense: Plaintiff's Criminal Case was Pending

Defendant's second claim that it denied Plaintiff's FOIA request because there was a recent filing in Plaintiff's criminal case in July 2003 is incorrect. See para 4, page 2 of Defendant's Statement of Material Facts not in Genuine Dispute (hereafter also called AUSA's affidavit). Filing referred to by Defendant is Plaintiff's filing for Successive §2255, a civil filing. See para 4, page 2 of AUSA's affidavit. Plaintiff's criminal case has been final long since 06/05/2000 when the Supreme Court denied Plaintiff's Direct Appeal. See para 5, page 2 of Plaintiff's affidvit and the supporting Exhibit 1 attached to this reply, referreing to the Supreme Court Docket No. 99-1283, entered in the District Court Docket Sheet on 06/05/2000.

3. Plaintiff did not Recieve any Tracking Number

Plaintiff also points to this court that Defendant's assertion that he sent an acknowledgement receipt on November 2, 2002 and assigned a tracking number, is either incorrect or was simply never received by Plaintiff. The court will note that the Plaintiff would have received this letter all Plaintiff's subsequent reminders would have been identifed by this tracking number, which they do not. See para 2, page 1 of AUSA's affidavit. Secondly

3

there would not have been any need of reminders in that case. See para 2, page 1 of Plaintiff's affidavit and supporting Exhibits.

## CONCLUSION

Without the benefit of Vaughan Index it is impossible for Plaintiff to address the specific exemptions the Defendant alludes to. Hence the Plaintiff reserves the option to address them once the Vaughn Index is obtained and if the Defendant evokes these exemptions.

For foregoing reasons Plaintiff prays this court will deny Defendant's Motion for Summary Dismissal of Complaint and Order Defendant to search the requested documents, release Vaughn Index and the documents to Plaintiff under FOIA.

Plaintiff also requests that, due to Plaintiff's indigent status, this court will exempt the processing fee; on the alternate, permit the Plaintiff to pay a discounted or in installment; the way the court set for the court fees.

Respectfully submitted on this 22th day of September 2006.

Suresh Kumar, #15020-075