UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SURESH KUMAR,                )
    Plaintiff            )
                             )
                             )
                             )
vs.                          ) Civil Action No. 06-0714
                             )
                             )
                             )
U.S. DEPARTMENT OF JUSTICE, et al., )
    Defendants,          )
                             )

AFFIDAVIT OF PLAINTIFF SURESH KUMAR

Comes Plainfiff Suresh Kumar in the above case, under penalty of perjury, states that:

1. Plaintiff **agrees** with Defendant's assertion on para 1, page 1 of AUSA's affidavit that Plaintiff by letter dated October 30, 2002 sought access to FOIA information in his case;

2. Plaintiff **disagrees** with Defendant's assertion on page 1, para 2 of AUSA's affidavit that Defendant acknowleged the receipt of request and assigned tracking number, because, Plaintiff **did not** receive any such letter. If the Plaintiff would have received this letter, not only would the Plaintiff have identified his subsequent communication by the assigned tracking number, but, there would have not have been any need of the three subsequent reminders; which the Defendant acknowledges to have received; May 6, 2003, October 30, 2002 and June 6, 2003;

3. Plaintiff **agrees** with Mr. Cicccone's assertion on page 4, para 13 of his affidavit and AUSA on para 3, page 1 of his affidavit that Defendant through his July 29, 2003 letter denied Plaintiff's FOIA request in full;

4. Plaintiff **agrees** with Mr. Ciccone's assertion on page 4, para 13 of his affidavit and AUSA on para 3, page 1 of his affidavit that Defendant, through his July 29, 2003 letter denied Plaintiff's FOIA request in full;

5. Plaintiff **disagrees** with AUSA (affidavit page 2, para 4) and Mr. Cicione (affidavit pagea 4, para 14) that Plaintiff's criminal case 'remained open.' Plaintiff's Direct Appeal and Supreme Court Certiorari was denied on 06/05/2000 see the copy of docket sheet attached as Exhibit 1 to the affidavit. The 'recent filing' which they refer to is in fact the Sixth Circuit's denial of Plaintiff's Successive §2255; a civil action, which as per law does not change the status of the finality of Plaintiff's Criminal Action on 06/05/2000;

6. Plaintiff cannot independently confirm or deny Mr. Cicione's assertion pertaining to his correpondence with AUSA W. Ky, as this information was never shared with Plaintiff;

7. Plaintiff agrees with the Defendant's assertion in para 15 and 16 on page of Mr. Cicione's affidavit, as his assertion is correct;

8. Upon receving July 29, 2003 denial, Plaintiff appealed Defendant's denial on September 20, 2003. See the copy of the letter attached as Exhibit 2 to this affidavit;

9. On October 10, 2003 Defendant acknowledged Plaintiff's appeal, assigned him an appeal number (03-3552), and advised him that Plaintiff will soon be advised of Defendant's decision; see the Exhibit 3. Defendant's pleadings side steps this fact;

10. On Feb 27, 2004 EOUSA informed Plaintiff that it was remanding Plaintiff's request for further processing and simultaneously informed him to [seek a judicial review if the Plaitiff deemed the reply to be a denial.] Defendant stated:

2

Defendant stated:

> After carefully considering your appeal, and as a result of discussion between the EOUSA and a member of my staff, I have decided to remand your request for futher processing. If you are dissatisfied with the EOUSA's further action on your request, you may appeal again to this office.
>
> If you consider my response to be denial of your appeal, you may seek judicial review in accordance with 5 USC §552(a)(4)(B).

Defendant sidesteps above facts in his affidavits and pleadings. Plaintiff's above letter is attached as Exhibit 4 to this affidavit.

11. On March 16, 2004 pleased with the response, Plaintiff thanked the Defendant for his consideration and decision; a fact which the defendant omits in his affidavits and pleadings. Plaintiff stated:

> Thank you for your letter dated Feb 27, 2004 intimating me that you have remanded my FOIA request to EOUSA for 'further processing.' I appreciate your kind consideration.

See Plaintiff's letter attached as Exhibit 5.

12. On July 9, 2004 Plaintiff once again sent a reminder. See copy of Plaintiff's letter to Defendant attached as Exhibit 6. Plaintiff's enquiry remains unanswered;

13. After waiting for more than <u>one</u> and <u>half</u> years from the last reminder and status inquiry of appeal on July 9, 2004 and approximately <u>four</u> years after Plaintiff's initial request on Mar 21, 2006, Plaintiff filed his complaint in this court; civil action 06-0714/RBW;

14. Through Defendant's second motion for extension of time, filed on July 28, 2006 Plaintiff learned that Defendant had supposedly approved Plaintiff's FOIA request (only after Plaintiff had filed his complaint in the District Court) and had supposedly asked Plaintiff (whose informa pauperis status was known to Defendant to have been approved by two Federal Courts) to mail $546 for the fees;

3

15. Following this motion, Plaintiff received Defendant's August 9, letter stating that Defendant was closing Plaintiff's file for failure to receive the fees. On August 15, 2006 Plaintiff informed Defendant that Plaintiff had not received Defendant's May 18th letter, and requested that his fees be waived due to his in forma pauperis status, failing which he will have not choice but to appeal to this court for relief. In the letter Plaintiff stated:

> I am in receipt of your letter dated August 9, (and also your latest motion for extension of time) which refers to your May 18 letter wherein, supposedly, you outlined your fees estimate for processing my fees. Unfortunately, may be because of the prison locked down following some riots, I have not yet received your May 18 letter; I was waiting to address this fact in my response to your reply.
>
> However, you already know that I am indigent prisoner and my in-forma-pauperis status has long been granted by two Federal Courts; making it impossible for me to pay the amount of money outlined in your Motion. I ask you to kindly waive this processing fees; on the alternate, I will have no choice but to plead to the court to do it for me.

See the copy of Plaintiff's letter attached as Exhibit 7 to this affidavit.

FURTHER THE AFFIANT SAYEHT NAUGHT

_____          _____September 28, 2006_____
Suresh Kumar, #15020-075,                            Date

NOTARY PUBLIC

Signed and affirmed before me on this 28th day of September 2006.
My commission expires on July 16, 2010.

Ralph Hodge
9/28/06

CERTIFICATE OF SERVICE

    I certify under penalty of perjury that a copy of enclosed letter and notorized affidavit has been mailed to undermentioned party on October 2, 2006 by First Class Postage prepaid US mail by mailing it in the Institution Post Office.

    Mr. Kenneth L. Wainstein, AUSA
    555 4th St. N.W. Room E4822
    Washington, DC   30530

*[signature]*

Suresh Kumar, 15020-075