UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SURESH KUMAR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, et al., )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 06-714 (RBW)<br>Electronic Case Filing |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Defendants respectfully submit this reply to plaintiff's opposition to defendants' motion for summary judgment [Docket Entry Nos. 14 & 15].

**Plaintiff's Nonpayment Of Fees Requires Dismissal**

In response to defendants' motion, Plaintiff mainly attempts to create confusion in the recent flurry of correspondence between himself and the Executive Office for United States Attorneys ("EOUSA") concerning the unpaid fees associated with his request for information under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As explained below, despite any delays in Plaintiff's receipt of earlier correspondence from EOUSA, the record is clear that he has been on notice since at least August 15, 2006 and still has not agreed to pay the fees. Because his request for a fee waiver was properly denied by EOUSA based on the lack of public interest in the documents requested, this case should be dismissed.

It is well settled that failure to pay FOIA fees is a fatal defect. Here, because Plaintiff's request seeks only documents about himself and his criminal conviction, responsive material is not "likely to contribute significantly to the public understanding of the operations or activities of

the government." 28 C.F.R. § 16.11(k)(i).  Compare McClain v. Department of Justice, 13 F.3d 220, 221 (7th Cir. 1993) (noting that there was no public interest where requester sought documents "to serve his own interest in vindication.").  Plaintiff s failure to comply with DOJ regulations regarding prepayment of estimated fees calls for dismissal of his FOIA request directed to EOUSA seeking documents about himself.  See Oglesby v. United States Department of the Army, 920 F.2d 57, 66 (D.C. Cir. 1990); Center to Prevent Handgun Violence v. Department of Treasury, 981 F. Supp. 20, 23 (D.D.C. 1997); Trueblood v. United States Dept of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996); Crooker v. United States Secret Service, 577 F. Supp. 1218, 1219 (D.D.C. 1983).  Importantly, a FOIA plaintiff is not relieved of his obligation to pay the assessed fee merely because he has filed a federal court lawsuit.  See Pollack v. Department of Justice, 49 F.3d 115, 119-20 (4th Cir. 1995) (holding that commencement of a FOIA action does not relieve the requester of the obligation to pay fees).

In the affidavit accompanying his opposition, Plaintiff confirms that the only basis on which he is seeking relief from the obligation to pay the fees associated with his FOIA request is his indigence.[1]  As noted in defendant's motion, indigence alone is not a basis for a public interest

---

[1] Defendants note that Plaintiff's October 2, 2006 letter to the Clerk [Docket Entry No. 15] enclosed Plaintiff's September 27, 2006 letter to EOUSA in which Plaintiff informed EOUSA that he was seeking from the Court either a waiver or permission to pay the fees on an installment basis.  See Docket Entry No. 15, Attachment 1.  Although construed broadly this language could indicate Plaintiff's willingness to pay the fees generally, it does not amount to the unconditional agreement to pay fees required by EOUSA's regulations.  Among other things, defendants note that Plaintiff fails to specify a schedule for payment of the fees and that Plaintiff persists in seeking relief from the Court instead of agreeing to pay outright despite previous opportunities to do so and being informed of the consequences of unresponsiveness.  Furthermore, the inference in Plaintiff's October 2, 2006 letter is undermined sharpy by the omission from Plaintiff's sworn affidavit [Docket Entry No. 15, Attachment 2] of any mention of his willingness to pay the fees.  Accordingly, defendants respectfully submit that this case should be dismissed.  Plaintiff, of course, will remain free to make a new FOIA request and pay the

fee waiver.  See Ely v. Postal Serv., 753 F.2d 163, 165 (D.C. Cir. 1985), cert. denied, 471 U.S. 1106 (1985).  Therefore, EOUSA's denial of Plaintiff's request for a fee waiver was appropriate because fee waivers may be obtained "*only* if the agency makes the requisite public interest finding." National Treasury Employees Union v. Griffin, 811 F.2d 644, 646 (D.C. Cir. 1987) (emphasis added).  That finding was doubtful under the circumstances presented in this case because the record is clear that the information sought is personal to Mr. Kumar, and does not pertain to issues of public interest.  United States v. Logan, 187 F.3d 639, 1999 WL 551353 (6th Cir. July 19, 1999) (summarizing the background and criminal investigation and proceedings surrounding Plaintiff's life sentence based on convictions for conspiracy, arson and mail fraud in connection with a hotel fire in 1996 that killed four people), cert. denied, 529 U.S. 1129 (2000); United States v. Kumar, No. 04-5667, 163 Fed. Appx. 361, 2006 WL 20553 (6th Cir. Jan. 5, 2006) (affirming denial of petition under 28 U.S.C. § 2255).

    Plaintiff's broad FOIA request for all information about himself required the payment of fees before further processing.  See Ciccone Dec., Exh.10 (EOUSA's May 18, 2006 letter notifying Plaintiff that, due to the broad scope of his request in No. 02-3652, an advance payment of $546 would be required, unless he elected to narrow the scope of his request in an accompanying form).[2]  Plaintiff was given 30 days to cure the deficiency and notified of his administrative appeal rights.  Id.; accord 28 C.F.R. § 16.9.  Over 30 days later, EOUSA closed Plaintiff's request for nonpayment of the processing fees.  See Ciccone Dec., Exh.11 (EOUSA's

---

associated fees in the future if he decides to do so.

  [2]  Citations to the "Ciccone Dec." are to the Declaration of Anthony J. Ciccone filed in support of defendants' motion for summary judgment.  See Docket Entry No. 11.

Aug. 9, 2006 letter noting that Plaintiff's FOIA request had been administratively closed for failure to pay the requisite fees within 30 days of the May 18, 2006 letter).

By letter dated August 15, 2006, Plaintiff denies ever receiving EOUSA's May 15, 2006 letter regarding the fees and consequences of nonpayment. However, this is of no moment because, in response, Plaintiff has neither agreed to pay the requisite fees nor narrowed his broad request. See Defs.' Supp. Mem. In Support of Mot. for Summ. J., Exhibit 1 (Plaintiff's Aug. 15, 2006 letter to EOUSA acknowledging receipt of the Aug. 9 letter, but professing non-receipt of the May 18 letter). Instead of paying fees or narrowing his request, Plaintiff's August 15, 2006 letter sought a public interest fee waiver, on the basis of indigence alone, and without meeting (or even mentioning) the governing four-factor test. Id.; cf. 28 C.F.R. § 16.11(k). EOUSA then retransmitted its prior correspondence to Plaintiff by means of certified mail (see attached receipt) and reiterated that his request was administratively closed for failure to either (a) pay the fees associated with his broad request or (b) narrow his request. See Defs.' Supp. Mem. In Support of Mot. for Summ. J., Exhibit 2 (EOUSA's Sept. 13, 2006 letter to Plaintiff, retransmitting the May 18 and Aug. 9, 2006 letters, and denying fee waiver request).[3]

While EOUSA's September 13, 2006 re-transmittal latter was silent as to Plaintiff's administrative appeal rights, that is because: (a) by his silence, Plaintiff affirmatively declined to narrow his request; (b) Plaintiff expressly said he would "plead to the court" if his fee waiver was denied; and (c) the regulations make clear that the Office of Information and Privacy declines to

---

[3] Contrary to Plaintiff's allegation in his opposition (page 2, para. c) that "Defendant did not reply to Plaintiff's [August 15, 2006] letter," the attached certified mail receipt reflects that EOUSA's September 13, 2006 letter (re-transmitting the prior two fee letters) was received at the facility where Plaintiff is incarcerated and signed for by a staff member on September 19, 2006.

entertain administrative appeals on cases, like this, that are actively under judicial review.  See 28 C.F.R. § 16.9(a)(3) ("An appeal ordinarily will not be acted on if the request becomes a matter of FOIA litigation").  Nevertheless, dismissal is required.  Oglesby v. Department of the Army, 920 F.2d 57, 66 (D.C. Cir. 1990) ("Exhaustion [of administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees."); see Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986) (FOIA suit is subject to dismissal where requester fails to exhaust all administrative remedies); Stebbins v. Nationwide Mutual Ins., 757 F.2d 364, 366 (D.C. Cir. 1985) (exhaustion of administrative remedies is required prior to judicial review).

**EOUSA's Initial Denial Under Exemption 7(A), If Reviewable, Was Proper**

The sole other matter Plaintiff addresses in his opposition to defendants' motion is EOUSA's denial of his FOIA request initially under Exemption 7(A) of the FOIA.  See Pl.'s Opp at 3.  There are at least two reasons why the Court need not reach this issue.  First, as demonstrated above, Plaintiff's failure to exhaust his administrative remedies amounts to a failure to state any claim on which relief may be granted and this case should be dismissed.  As such, EOUSA's initial denial is not ripe for judicial review.  Fed. R. Civ. P. 12(b)(6). Alternatively, EOUSA's initial denial is moot because EOUSA has now processed Plaintiff's FOIA request and assessed fees which Plaintiff has neither paid nor clearly agreed to pay.[4]

---

[4] See Committee in Solidarity With the People of El Salvador v. Sessions, 929 F.2d 742 (D.C. Cir. 1991) (suit rendered moot by FBI's voluntary deposit of all relevant files in National Archives, which was the relief which had been sought by the plaintiff in the lawsuit). Where, as here, the question sought to be adjudicated has been rendered moot by events subsequent to the filing of a complaint, no justiciable controversy is presented.  Canez v. Guerrero, 707 F.2d 443, 446 (9th Cir.1983) (holding that holding of the election, which the union won, mooted the case and the court had no further jurisdiction).

Even if the Court were to reach the question of applying Exemption 7(A), however, Plaintiff's argument that the § 2255 motion he admits was pending at the time of his FOIA request did not render his criminal case open and ongoing is wrong as a matter of law because Exemption 7(A) is not limited to criminal proceedings.  See Kansi v. United States Dep't of Justice, 11 F.Supp.2d 42, 45 (D.D.C. 1998) (explaining that the "potential for interference . . . that drives the 7(A) exemption . . .exists at least until plaintiff's conviction is final," but post-conviction motions attacking the conviction can amount to "a pending law enforcement proceeding for purposes of FOIA Exemption 7(A).").  Thus, it is unmistakably clear that EOUSA's initial denial of Plaintiff's FOIA request in July, 2003 under Exemption 7(A) due to the pendency of a motion filed under 28 U.S.C. § 2255 attacking his sentence was proper.  See Ciccone Dec., Exh. 5.  Moreover, that denial is immaterial to the claims in this action because OIP had already remanded for further processing by the time this action was filed and EOUSA has abandoned its reliance on Exemption 7(A) by processing Plaintiff's request.  Accordingly, even if the Court reviews EOUSA's initial Exemption 7(A) determination, Plaintiff's claim should be rejected.

**Conclusion**

Plaintiff's admitted failures to exhaust his administrative remedies by paying the fees associated with his FOIA request and appeal EOUSA's denial of his request for a fee waiver dooms his case. Because he has failed to state any claim, defendants' motion for summary judgment should be granted.

Dated: October 10, 2006.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 10th day of October, 2006, a true and correct copy of the foregoing Defendants' Reply in Support of Motion for Summary Judgment was served upon pro se plaintiff by first class United States mail, postage prepaid marked for delivery to:

SURESH KUMAR
Reg. No. #15020-075
P.O. Box 150160
Atlanta, Georgia   30315

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161