UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
SURESH KUMAR,

             Plaintiff,

    v.                                          Civil Action No. 06-714 (RBW)

UNITED STATES DEPARTMENT OF
JUSTICE, et al.,

             Defendants.
```

**MEMORANDUM OPINION**

This matter is before the Court on defendants' motion for summary judgment. Having considered the motion, plaintiff's opposition, and the entire record of this case, the Court will grant summary judgment for defendants.

I.   BACKGROUND

In October 2002, plaintiff submitted a request under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the United States Department of Justice, Executive Office for United States Attorney ("EOUSA"), for information pertaining to his criminal case. Complaint ("Compl.") ¶¶ 3-4 & Appendix ("App.") 1 (FOIA request). Specifically, plaintiff requested:

> access to the file in [Case No. 1:96-CR-20-R] in which I was
> convicted in the Western District Court of Kentucky on about Feb[.]
> 28, 1997

*Id.*, App. 1. The EOUSA construed the request as one "for all files in the possession of the United States Attorney's Office for the Western District of Kentucky (USAO/KYW) relating to

1

the Requester's prosecution in United States v. Suresh Kumar, et al., Criminal Action No. 1:96-CR-0020 (W.D. Ky.)." Defendants' Memorandum in Support of Motion for Summary Judgment ("Defs.' Mot."), Declaration of Anthony J. Ciccone ("Ciccone Decl.") ¶ 7. The EOUSA designated plaintiff's request as Request Number 02-3652, and acknowledged its receipt by letter. Id. ¶ 8 & Exhibit ("Ex.") 2 (November 21, 2002 letter from M. O'Rourke, Assistant Director, FOIA/Privacy Act Unit, EOUSA). The letter notified plaintiff that a request of this nature is a "Project Request" and that the agency may take nine months to process it. Id., Ex. 2.

The EOUSA denied plaintiff's request in full, relying on FOIA Exemptions 3, 5, 7(A), 7(C), and 7(D).[1] Compl. ¶ 5 & App. 3 (July 29, 2003 letter from M. O'Rourke). Plaintiff filed an administrative appeal of this determination, and the matter was remanded to the EOUSA for further processing. Id. ¶¶ 6-8 & App. 6 (February 27, 2004 letter from R.L. Huff, Co-Director, Office of Information and Privacy). As of the time of the filing of this action, the EOUSA had not made a decision on remand. Id. ¶ 10.

The EOUSA estimated that a search for records responsive to plaintiff's FOIA request would take 21.5 hours to complete. Ciccone Decl. ¶¶ 23-24. The first two hours of search time were free, and the cost of the estimated 19.5 additional hours, billed at a rate of $28 per hour, totalled $546.[2] Id. ¶ 24. The EOUSA notified plaintiff of his obligation to pay $546 in advance before the agency would continue processing his request. Id., Ex. 10 (May 18, 2006 letter from W.G. Stewart II, Acting Assistant Director, EOUSA). Because the EOUSA received no payment

---

[1] In its notice, the EOUSA suggested that there were public records which plaintiff might obtain directly from the Clerk of Court. Compl., App. 3.

[2] The EOUSA's estimate did not include the fees for duplicating records. Ciccone Decl. ¶ 24.

from plaintiff within 30 days of its notice, plaintiff's file was closed. *Id.* ¶ 25 & Ex. 11 (August 9, 2006 letter from W.G. Stewart II).

Plaintiff stated that he did not receive the EOUSA's May 18, 2006 letter regarding the payment of the processing fees. Plaintiff's Reply to Defendant's Complaint ("Pl.'s Opp'n") at 2 & Attachment ("Attach.") ("Kumar Aff.") ¶¶ 2, 15. Upon receipt of the EOUSA's August 9, 2006 letter closing plaintiff's file, plaintiff requested a waiver of the fees. Pl.'s Opp'n, Ex. 7 (August 15, 2006 letter to W.G. Stewart II). The EOUSA denied the request. Defendants' Supplemental Memorandum in Support of Motion for Summary Judgment ("Defs.' Supp."), Ex. 2 (September 13, 2006 letter from W.G. Stewart II).

## II.  DISCUSSION

*A.  Summary Judgment Standard*

The Court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own conflicting affidavits or documentary evidence. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992). In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are

not controverted by either contrary evidence in the record nor by evidence of agency bad faith."
*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).[3]

### B. The EOUSA Properly Denied Plaintiff's Request for Waiver of Fees

#### 1. Notice to Plaintiff of Estimated Fees

An agency may charge a requester reasonable fees for the search, review, and duplication of responsive documents. 5 U.S.C. § 552(a)(4)(A). In cases such as plaintiff's, an agency may charge fees only to search for and duplicate responsive records. 5 U.S.C. § 552(a)(4)(A)(ii)(III).[4] There is no charge for the first two hours of search time or for the first 100 pages of duplication if the requester, like plaintiff, has no commercial purpose for the requested records. 5 U.S.C. § 552(a)(4)(A)(iv)(II); 28 C.F.R. § 16.11(d)(3). If an agency determines or estimates that the fees to be charged will exceed $25, the agency must notify the requester of the actual or estimated fee.

---

[3]   In support of its motion, defendants submit the declaration of Anthony J. Ciccone, a Senior Attorney Advisor assigned to the EOUSA's Freedom of Information and Privacy Staff. Ciccone Decl. ¶ 1. In this capacity, he oversees the processing of FOIA requests for records maintained by the EOUSA or by any of the United States Attorney's Offices nationwide. *Id.* ¶ 3. Mr. Ciccone personally is familiar with plaintiff's request, and makes this declaration based on his review of EOUSA files, information acquired in performing his official duties, and his personal knowledge. *Id.* ¶ 4.

[4]   Generally, there are three levels or limitations on charging fees. An agency may charge fees for the search, review and duplication of records if the records are requested for a commercial use. 5 U.S.C. § 552(a)(4)(A)(ii)(I). If the records are sought for a non-commercial use and the request is made by an educational or non-commercial scientific institution or by a representative of the news media, an agency may charge fees only for the cost of duplication. 5 U.S.C. § 552(a)(4)(A)(ii)(II). Nothing in the record suggests a commercial use or a non-commercial use by a scientific or educational institution; nor is plaintiff a representative of the news media. Therefore, neither of these limitations is applicable in this case. In all other cases not covered by the above provisions, an agency may charge fees for the search for and duplication of records. 5 U.S.C. § 552(a)(4)(A)(ii)(III).

28 C.F.R. § 16.11(e). The agency neither considers a request received nor performs any further work on a request until the requester agrees in writing to pay the anticipated total fee. *Id.* If the agency determines or estimates that the total fee to be charged will exceed $250, the agency may require the requester to make an advance payment before it begins to process the request. 28 C.F.R. § 16.11(*i*)(2).

The EOUSA complied with the above regulations.[5] It promptly notified plaintiff that fees would be assessed, estimated the total fees to be charged, and sought plaintiff's payment before further processing his request. *See* Ciccone Decl. ¶¶ 23-24.

### 2. Waiver Request Based on Plaintiff's Indigence

Documents are provided free of charge or at reduced fees "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see* 28 C.F.R. § 16.11(k)(1). In determining whether disclosure of the information is in the public interest, an agency considers four factors: (1) the subject of the request, (2) the informative value of the information to be disclosed, (3) the contribution to the public's understanding of the subject likely to result from disclosure, and (4) the significance of the contribution to the public's understanding of government operations or activities. 28 C.F.R. § 16.11(k)(2); *see Judicial Watch, Inc. v. United States Dep't of Justice*, 185 F.Supp. 2d 54, 60-62 (D.D.C. 2002). Plaintiff, as the party requesting the records under the

---

[5] Defendants also offered plaintiff other options. The EOUSA suggested that plaintiff either revise his request by limiting the documents requested to a specific category, or designate a maximum dollar amount he is willing to pay, or direct the EOUSA to terminate its search. Ciccone Decl. ¶ 23 & Ex. 10.

FOIA, bears the burden of showing that disclosure of the requested records is likely to make a significant contribution to the public's understanding of identifiable operations or activities of the federal government. *Larson v. Central Intelligence Agency*, 843 F.2d 1481, 1483 (D.C. Cir. 1988).[6] In an action by a requester regarding the waiver of fees, the Court determines the matter *de novo*, but the Court's review is limited to the record that was before the agency. 5 U.S.C. § 552(a)(4)(A)(vii); *see Judicial Watch, Inc.*, 185 F.Supp. 2d at 59.

Plaintiff's sole basis for the fee waiver request is his status an "indigent prisoner" who has been allowed to proceed *in forma pauperis* in federal court. Pl.'s Opp'n, Ex. 7. He explains that "it is impossible for [him] to pay the amount of money" charged. *Id.* Indigence alone, without a showing of public benefit, is insufficient to justify a fee waiver. *Ely v. United States Postal Serv.*, 753 F.2d 163, 165 (D.C. Cir.) (per curiam), *cert. denied*, 471 U.S. 1106 (1985); *Durham v. United States Dep't of Justice*, 829 F.Supp. 428, 435 n.10 (D.D.C. 1993). Nothing in plaintiff's request for a fee waiver suggests or articulates any public benefit that would be derived from the disclosure of the records he seeks. At most, granting a fee waiver and disclosure of the relevant records advances nothing other than plaintiff's own understanding of his criminal case. And plaintiff's private interests are not relevant to the fee waiver equation. *See, e.g., McClain v. United States Dep't of Justice*, 13 F.3d 220, 220-21 (7th Cir. 1993) (fee waiver denied to indigent prisoner who pursued private interest, a challenge to his criminal conviction, in seeking FBI

---

[6] Generally, a requester also must show that there is no commercial interest in the disclosure of the records. *Larson*, 843 F.2d at 1483. In determining whether a requester's interest is not primarily commercial, the agency considers: (1) the existence and magnitude of the requester's commercial interest to be furthered by disclosure of the requested records, and (2) a comparison of the identified commercial interest with the public interest in disclosure. 28 U.S.C. § 16.11(k)(3). Plaintiff has stated no commercial interest, and he has satisfied this test.

records about himself).

### C. Plaintiff Failed to Exhaust His Administrative Remedies

A requester may seek judicial review in a FOIA case only after having exhausted all administrative remedies. *See Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). "Exhaustion [of administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Id.* at 66; *see also Trueblood v. Dep't of the Treasury*, 943 F.Supp. 64, 68 (D.D.C. 1996). Commencement of a civil action pursuant to the FOIA does not relieve a requester of his obligation to pay any required fees. *See Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir.), *cert. denied*, 516 U.S. 843 (1995). Here, defendants demonstrate, and plaintiff does not dispute, that plaintiff did not make advance payment of the required fees for the continued search for records responsive to his request. *See* Ciccone Decl. ¶¶ 25-26; Defs.' Supp., Ex. 1; Pl.'s Aff. ¶15.

### III.  CONCLUSION

Defendants demonstrate that plaintiff failed to exhaust his administrative remedies because he did not pay the required fees associated with the search for records responsive to his FOIA request before this civil action was filed. In addition, defendants demonstrate that the decision to deny plaintiff's request for a waiver of the fees to conduct the search was proper. Accordingly, the Court will grant defendants' motion for summary judgment. An Order consistent with this Memorandum Opinion is issued separately on this same date.

Date:   February 16, 2007

          /s/
REGGIE B. WALTON
United States District Judge